## WALTER REA v. THE STATE.

### No. 2675. Decided May 11, 1904.

**1.—Charge of the Court—Self-Defense.**

Where the evidence showed that the prosecutor assaulted defendant first, using his bare hands and fists, a charge limiting the right of self-defense to the reasonable apprehension on part of defendant of serious injury is error.

**2.—Same—Serious Injury Not Necessary.**

One has the right to defend himself against any character of unlawful assault, whether it portends serious injury, or less than what might be deemed serious injury. Following: McLendon v. State, 66 S. W. Rep., 553.

**3.—Same—Provoking the Difficulty.**

Where the issue is not raised by the evidence, it is error to charge on provoking the difficulty.

**4.—Same—Mutual Combat.**

See evidence in opinion for testimony which was held not to raise the issue of mutual combat.

Appeal from the County Court of Hamilton. Tried below before Hon. J. W. Warren.

Appeal from a conviction of simple assault; penalty, a fine of $10.

The opinion sufficiently states the facts.

*Mark Logan* and *A. R. Eidson,* for appellant.—On question of self-defense: McLendon v. State, 66 S. W. Rep., 553; Winfrey v. State, 56 S. W. Rep., 919.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of a simple assault, and his punishment assessed at a fine of $10; hence this appeal.

Appellant was tried on an information which charged him with an aggravated assault, based on three propositions: (1) the infliction of serious bodily injury on the person of prosecutor; (2) that the assault

was committed with a deadly weapon; (3) that it was committed with premeditated design, and by the use of means calculated to inflict great bodily injury, etc. The court submitted the case upon the last two grounds. and also submitted simple assault. Appellant complains that the court in charging self-defense unduly limited appellant's right to defend himself to a defense against serious bodily injury. The court's charge in this respect is as follows: "The whole doctrine of self-defense rests upon the comprehensive principle of reasonable necessity and apparent reasonable necessity. A man has a right to ward off or avoid *serious* injury; that the right of self-defense is based upon and limited by necessity, either real or apparent." The qualifying clause here is that one has a right to defend himself to avoid *serious* injury; that this clause appears to pervade the entire charge on self-defense. We do not understand that the right of self-defense is so limited. One has a right to defend himself against any character of unlawful assault, whether it portends serious injury or less than what might be deemed *serious* injury. McLendon v. State, 66 S. W. Rep., 553. This charge was calculated to impair appellant's rights, inasmuch as the information charged appellant with an assault involving serious bodily injury, and the jury was prone to believe that appellant only had the right to defend himself against serious injury. The facts show that prosecutor only assaulted appellant with his hands and fists, and this did not apparently involve serious bodily injury; but he would have as much right to defend against this character of assault as one which apparently might involve more serious consequences.

Appellant also complains because the court charged on provoking the difficulty. We have examined the record carefully, and, in our opinion, there was no evidence suggesting that appellant provoked the difficulty.

Appellant also complains that the court charged on the proposition that appellant entered into the fight willingly. There are some expressions in the record which would appear to justify this charge. For instance, prosecutor says in his testimony that appellant declared just before the fight began, "If you want to fight me, just come up here and strike me the first lick." I said, "All right; all I want at you is just one lick." Henry Boillier testified that defendant was coming down the hill toward the Bell boy, and said, "I don't want any trouble, but if you want to fight just come up here and hit me the first lick." This testimony isolated and alone might suggest the idea of mutual combat; but we believe, when looked at in the light of the entire record, the doctrine of mutual combat does not apply here. There is no question, as we gather from the record, that prosecutor egged on or incited the difficulty. On the Sunday of the difficulty he was in the church and saw defendant ride up. He immediately went out to where he was and told him that he wanted to settle the matter between them, and demanded to know who it was he said had been talking about him. According to the testimony of prosecutor himself, appellant endeavored

to evade a difficulty.  It seems that other friends or relatives of prosecutor were present, and appellant desired to avoid a conflict in which he would be at a disadvantage.  Prosecutor advanced upon him with his fists clinched in a threatening attitude, evidently with the purpose of engaging in a fist fight with him.  According to the State's theory and prosecutor's testimony, appellant at this juncture struck him in the head with a knife.  Appellant admits striking him first, but claims he did it when prosecutor advanced upon him and had his hand raised, and was about to strike him.  So, we take it, that the only possible contingency in which appellant could be convicted of any character of assault is, that he may have used more force in cutting with the knife than he was justified in using under the circumstances.  However, that was a question for the jury, for it appears that he expected to have to fight two or three others besides defendant.  In our view mutual combat was not in the case, and the court should have simply presented to the jury the issue of excessive force, as under the facts of this case prosecutor evidently made the first assault, and appellant was justified in resisting this assault, and was only responsible to the law, if he used more force than from his standpoint was reasonably necessary to repel the assault then about to be made on him.  In this connection the court's charge was not adequate, but some of the special charges requested by appellant should have been given.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*