## H. T. WOLFF v. WESTERN UNION TELEGRAPH COMPANY.

Decided February 14, 1906.

**1.—Face of Telegram—Notice of What Damages.**

While a telegram may show on its face that it is important, yet the telegraph company would be liable for only such damages as might reasonably be supposed to have been in the contemplation of the parties from the wording of the telegram as likely to flow from a failure to properly transmit and expeditiously deliver the same.

**2.—Statement of Counsel—As Affecting Charge of Court.**

Where counsel for plaintiff stated to the court that he did not rely upon the language upon the face of the telegram to charge the defendant with notice of the damages alleged, and the court prepared its charge to the jury accordingly, plaintiff was precluded from complaining of the charge in that respect.

**3.—Right to Recover Toll Paid.**

Unless defendant was guilty of the negligence alleged, plaintiff was not entitled to recover the toll paid.

**4.—Omission in Charge—Failure to Request Instructions.**

Ordinarily, if the court omits to charge upon a particular phase of a case, it is the duty of a party to request an instruction covering the omission, and his failure to do so is conclusive against him.

**5.—Qualification of Witness as to Reputation.**

Where the reputation of a witness for truth has been impeached, and it is sought to support his reputation by other witnesses, the predicate must first be laid by showing that they are acquainted with his general reputation, etc., before they can testify concerning the same.

Appeal from the County Court of Guadalupe. Tried below before Hon. H. M. Wurzbach.

*W. R. Neal* and *Dibrell & Mosheim,* for appellant.—The court erred in charging the jury as follows: "Unless you find from the evidence that the defendant had notice that plaintiff would sustain any damages, except as such notice appears upon the face of. the telegram, and that plaintiff's wife needed his attention, you will find a verdict for the defendant." If the court was correct in his construction of the telegram sued upon, that the same did not put appellee upon notice of its importance, and that appellee could not reasonably contemplate that the damages suffered by appellant's wife would reasonably accrue, then the charge should have been embraced in plain and intelligible language, so that the jury would understand that it was necessary for them to find from evidence outside of the telegram itself that appellee was notified of the importance of the telegram, and that appellant's wife would probably suffer the damages claimed unless said telegram was delivered with ordinary care. The language of the court is unintelligible, and is not capable of being understood by the mind of an untrained person, and it is clear that it was calculated to mislead the jury upon that issue.

In the same suit for damages, resulting from the negligent failure of a telegraph company to promptly deliver a message, the sender of such message may sue to recover the fee paid the telegraph company for failure to deliver the message at such time as would be of benefit to the sender. Where such fact constituted a part of the cause of action it is error for the court to fail and refuse to charge the jury upon such issue for the reason that, if the sender of the message had no other cause of action, his right to recover back the toll paid would be sufficient to carry the costs of the suit. No waiver of this cause of action, not made by a plea duly filed, can be considered by the court. Western U. Tel. Co. v. Adams, 12 S. W. Rep., 857; Western U. Tel. Co. v. Carter, 85 Texas, 580.

The court erred in failing to construe the telegram, which was the duty of the court, as sufficient upon its face to notify defendant of its importance, and that, unless promptly delivered, the damages claimed by plaintiff were such as might have been in contemplation by the parties at the time the telegram was received.

Where a message does not show upon its face its importance, and that a failure to promptly deliver might reasonably result in damages to the sender of the message, it becomes the duty of the court to instruct the jury, provided the pleadings and evidence justify such a charge, that notice to the telegraph company from any other source than the telegram itself would make such telegraph company amenable to any damages that were sustained by the sender of the telegram. Western U. Tel. Co. v. Stephens, 21 S. W. Rep., 148; Western U. Tel. Co. v. Parks, 25 S. W. Rep., 813; Gulf, C. & S. F. Ry. Co. v. Richardson, 79 Texas, 651.

Where a witness has been impeached by the testimony of witnesses relating to the general reputation of a witness for truth and veracity, and where such testimony shows that such reputation for truth and veracity is bad, sustaining testimony to the effect that witnesses knew the witness so impeached, and lived in the community where such witness lived, but that they had never heard the character of such witness questioned or discussed in regard to his truthfulness, is permissible. The fact that the witness is acquainted with the impeached witness, and lives in his immediate neighborhood, and never heard the reputation of such witness for truth and veracity questioned or discussed, is the very best evidence to sustain the character of the impeached witness, and the court should have permitted the witnesses in this case to so testify. Hannah Boon v. Weathered's Admr., 23 Texas, 677; Howorth v. Carter, 23 Texas Civ. App., 469.

It is the duty of telegraph companies to receive messages when tendered them, together with the customary fees, and transmit and deliver with ordinary care, and a failure to exercise ordinary care in the delivery of a message will render such companies liable, provided damages result from such failure to deliver such message. So Relle v. Western U. Tel. Co., 55 Texas, 313.

The court erred in the following portion of the fifth section of its charge to the jury, to wit: "If you find from the evidence that, after defendant's agents and servants at Seguin, Texas, received such message, on February 20, 1905, the said agents failed to deliver with reasonable promptness and dispatch the said telegram to plaintiff's wife, and that this was owing to the negligence of the defendant's said agents or servants at Seguin, Texas."

The allegations of plaintiff's petition, and the proof, showed that the message delivered defendant at San Antonio was one hour and a quarter in transit from San Antonio to Seguin, a distance of thirty-five miles, and that an error was made in the initials of the sender. which were set forth as grounds of negligence, and there should have been no limitation of the negligence of the agents at either point.

The court erred in the following portion of his general charge in section five of said charge: "But you are not to consider any damage sustained by plaintiff's said wife on account of the negligence, if any, of plaintiff's said wife, due to her failure to alleviate any physical pain sustained by her on account of the negligence, if any, of the defendant, and you are not to consider any mental or physical pain or suffering sustained by her prior to the time that she reasonably expected plaintiff to arrive in Seguin," for the reason that the jury are told that plaintiff

could not recover damages for mental suffering or physical pain if plaintiff's wife failed to alleviate any physical pain sustained by her on account of the negligence of defendant. Said charge inaugurates a new and strange doctrine of contributory negligence, namely, that a person suffering physically, for the want of the services of a physician to relieve such pain, can not recover if such person fails to alleviate such physical pain. In thus charging the court committed a most grievous error, to plaintiff's great injury. Western U. Tel. Co. v. Wisdom, 85 Texas, 263.

The court erred in the following portion of its charge in section five thereof, to wit: "You are instructed that, even if you find negligence on the part of the defendant, or of its servants, in regard to the matter of alleged negligence submitted to you, yet you can not find for the plaintiff unless you find that such negligence was the proximate cause of the injury complained of, if you find that any injuries were sustained by plaintiff's wife," for the reason that such charge instructs the jury that the negligence of defendant must have caused the physical pain suffered by plaintiff's wife, when the claim for damages was for the increased and prolonged suffering of plaintiff's wife, resulting directly from the negligence of defendant's agents and servants to promptly and expeditiously transmit said message and to promptly and with reasonable care deliver said message.

*Webb & Goeth* and *Adolph Seidemann,* for appellees.—Appellant can not complain of a charge given at his request, instance and suggestion. International & G. N. Ry. Co. v. Sein, 11 Texas Civ. App., 389, 33 S. W. Rep., 558; Gresham v. Harcourt, 93 Texas, 157; Smith v. Covenant Mut. Ben. Assn., 43 S. W. Rep., 829; Scott v. Texas & Pac. Ry. Co., 56 S. W. Rep., 97, 98.

The charge given assumes that the face of the message contains notice of the damages claimed in this action; it is more favorable to appellant than is authorized by law, and appellant is not in a position to complain. International B. & L. Assn. v. Fortassain, 23 S. W. Rep., 497; St. Louis, I. M. & S. Ry. Co. v. Bland, 34 S. W. Rep., 675; Jobe v. Houston, 23 S. W. Rep., 408, 409.

When a party is not satisfied with the form of the court's charge, on the ground that it is not specific, it becomes his duty to ask a charge submitting the issue more clearly and specifically. Silberberg v. Pearson, 75 Texas, 290; Texas & P. Ry. Co. v. Brown, 78 Texas, 402; Hays v. Hays, 66 Texas, 610; Texas & P. Ry. Co. v. Moseley, 58 S. W. Rep., 48; Moore v. Graham, 69 S. W. Rep., 200; Ency. Pl. and Prac., vol. 11, pp. 222, 223.

When the main charge fails to include all the items of damages claimed, it is only an omission, and not an affirmative error, and should be corrected by a special charge requested by the party who desires a fuller charge. Terry v. Gulf, C. & S. F. Ry. Co., 37 S. W. Rep., 234; Fink v. Gulf, C. & S. F. Ry. Co., 23 S. W. Rep., 330; Gulf, C. & S. F. Ry. Co. v. Shearer, 1 Texas Civ. App., 343; Cockrell v. Cox, 65 Texas, 675; Beazley v. Denson, 40 Texas, 434.

When it appears to the court that the telegram upon its face does

not apprise the telegraph company of the peculiar damages sought to be recovered, it becomes the duty of the court to charge the jury to find in favor of the defendant, unless the company had notice of such damages from other sources. Western U. Tel. Co. v. Kirkpatrick, 76 Texas, 217; Western U. Tel. Co. v. Smith, 76 Texas, 254; Western U. Tel. Co. v. Ragland, 61 S. W. Rep., 421; Western U. Tel. Co. v. McFadden, 7 Texas Ct. Rep., 793; Western U. Tel. Co. v. Edmondson, 91 Texas, 209; McAllen v. Western U. Tel. Co., 70 Texas, 243; Gulf, C. & S. F. Ry. Co. v. Loonie, 82 Texas, 327; Western U. Tel. Co. v. Parlin, 25 S. W. Rep., 40; Elliott v. Western U. Tel. Co., 75 Texas, 18.

When the character of a witness for truth and veracity is attacked, and in support of such character other witnesses are called who can not qualify by saying that they know his general reputation in the community in which he lives for truth and veracity, such witnesses should not, over objections, be permitted to state that they never heard his reputation for truth and veracity called in question or discussed. Boon v. Weathered, 23 Texas, 677; Howorth v. Carter, 23 Texas Civ. App., 469; Sheppard v. Love, 71 S. W. Rep., 67; Howard v. Galbraith, 30 S. W. Rep., 689; Texas & Pac. Ry. v. Raney, 23 S. W. Rep., 341.

It being alleged by appellee that appellant's wife, during the afternoon of February 20, 1905, knew that she would be in need of a physician before midnight, and that she resided in a populous city, within calling distance of able physicians, who would have relieved her physical suffering without making a charge for their services, and the evidence showing that these allegations were true, it became the duty of the court to charge the jury not to consider any damages sustained by appellant's wife due to her negligence in failing to alleviate her physical suffering, although appellee may also have been negligent. Western U. Tel. Co. v. Hoffman, 80 Texas, 423; Western U. Tel. Co. v. Merrill, 22 S. W. Rep., 826; Western U. Tel. Co. v. Cooper, 71 Texas, 514.

The duty rests upon all persons for whose injuries others may be liable to respond to use all reasonable measures to minimize the damages that may occur. Joyce on Electric Law, sec. 972; Thompson on Law of Elec., sec. 410.

When a cause of action is based upon negligence, it is the duty of the court to charge the jury that they can not award damages unless the negligence charged was the proximate cause of the damages; this rule is manifestly true when, as in the case at bar, the defense of contributory negligence is interposed. Texas & Pac. Ry. Co. v. Reed, 88 Texas, 448; Johnson v. Gulf, C. & S. F. Ry. Co., 21 S. W. Rep., 274; Eames v. Texas & N. O. Ry. Co., 63 Texas, 665, 666; Mexican Nat. Ry. Co. v. Mussette, 86 Texas, 719.

NEILL, Associate Justice.—The appellant, Dr. H. T. Wolff, sued the Western Union Telegraph Company to recover $999 damages, alleged to have been occasioned by negligent delay in delivering to his wife the telegraphic message copied in our conclusions of fact.

It was alleged by plaintiff that prior to the morning of February 20, 1905, his wife, Ida A. Wolff, had been suffering with diseases of the bladder, which rendered urination impossible without means of a catheter; that on that morning she was better, but her trouble was liable to

recur within twenty-four hours, and that plaintiff, being under compulsory process to attend court at San Antonio, left his home in Seguin on the early morning's train for San Antonio; that before leaving he informed his wife he would return on the night train, provided the case he was a witness in should be disposed of, and that if he could not return he would notify her by telegram, assuring her that if her condition was such as to require his personal attention he would return any way.

That at half past five o'clock p. m. on that day he went to defendant's office in San Antonio, prepared and delivered the message referred to for transmission to his wife, paying defendant twenty-five cents for its transmission and delivery. That at the time he delivered the message for transmission he explained to appellee's agent who received the same that his wife was sick, and he wanted to ascertain whether her condition was such as to require his personal presence at home, and informed him that he (plaintiff) could be found at the Mahncke Hotel, where he would receive the answer to his message.

That defendant's agents were negligent in failing to transmit the message expeditiously, by reason of which it was not received at Seguin until about seven o'clock; that, instead of transmitting it in the name of "Dr. Wolff," it was incorrectly transmitted so as to read "O. V. Wolff," and after its arrival at Seguin defendant's agent negligently delayed its delivery until eight o'clock next morning, too late for it to serve any purpose.

That, not having received the message, plaintiff's wife, expecting his return that night, made no arrangement to have her bladder treated, and between seven and eight o'clock her trouble was manifest, and her condition rapidly grew worse. That, believing plaintiff would return, she had made no provision for the attendance of any other physician, and her condition grew so critical that she had uranic convulsions, and suffered great physical pain and mental anguish, etc.

*Conclusions of fact.*—The telegram, the alleged negligent failure to properly transmit and properly deliver which, upon which this action is based, is as follows: "To Mrs. Ida A. Wolff, Seguin, T. Can not come home tonight. If necessary, wire me. (Signed thus) O. V. Wolff."

It is in the handwriting of the plaintiff, on the customary sending form of defendant company, is in lead pencil, and was sent from San Antonio on February 20, at 6 p. m. The telegram delivered to Mrs. Wolff is as follows: "San Antonio, Tex., February 20. Mrs. Ida A. Wolff, Seguin, Tex. Can not come home tonight. If necessary, wire me. O. V. Wolff. 7:14 p. m."

The evidence is reasonably sufficient to show that plaintiff's wife was in the condition and suffered as alleged in his petition.

Upon the question as to whether plaintiff notified defendant's agent in San Antonio, to whom he delivered the message, of its importance, the evidence is conflicting, and would have justified the jury in finding either way. They evidently believed the testimony of defendant. There was no negligence in defendant's transmitting the message as signed by *O. V. Wolff,* for the testimony indicates that it would be

read that way by one exercising ordinary care, and that no one, without being familiar with the way he wrote "Dr.," would have taken the letters he used to indicate his profession, or have taken them to be any other than "O. V." He may have told the agent that he was a doctor, yet his initials may have been "O. V." for aught known by defendant's agent, as written in the message.

The evidence was reasonably sufficient to warrant the jury in finding that, after the message was received by defendant's agent at Seguin, reasonable diligence was exercised to promptly deliver it to defendant's wife.

*Conclusions of law.*—The first assignment of error complains of this part of the court's charge: "Unless you believe from the evidence that the defendant had notice that plaintiff would sustain any damages except as such notice appears upon the face of the telegram, and that plaintiff's wife needed his attention, you will find a verdict for defendant."

Two objections seem to be urged by the assignment: 1. The telegram showed upon its face that it was important. 2. The charge was calculated to mislead and confuse the jury, in that it is uncertain what the court meant by the language used.

While the telegram may have shown upon its face it was important, if appellee's agent was not informed of the facts from which such damages as are claimed may have accrued, it was essential that it indicate upon its face that such damages, or of a similar nature, might flow from a failure to properly transmit and expeditiously deliver it. For plaintiff would only be entitled to recover such damages as might have reasonably been supposed to have been in contemplation by himself and defendant when the contract to transmit and deliver the message was made.

It appears from the statement of facts in this case that, upon the trial, plaintiff's counsel stated to the court "that he did not rely upon the language upon the face of the telegram to charge the defendant with notice of the damages alleged to have been sustained, as set forth in the petition, and that the court, in making up the charge to the jury upon the law, should charge the jury that the defendant must have had notice of the facts set forth in the petition, upon which plaintiff's damages arise, from some other source than that contained upon the face of the telegram, and that the court indicated to counsel at the time, and before the charge was prepared and given, that it would conform to the views of plaintiff's counsel in reference to the notice of the damages in preparing and submitting the charge upon the law." If it were not apparent from the face of the message that it furnished no intimation that damages of the nature claimed were contemplated by the parties, the statement of plaintiff's counsel authorized the court to place that construction upon it, and precluded plaintiff from complaining of the charge in which it was done. (Gresham v. Harcourt, 93 Texas, 157.)

In arguing the second objection, plaintiff says in his brief: "If it was the view of the court that the telegram was not sufficient to put appellee on notice of its importance, or to require of appellee an inquiry

into the relationship of the parties, and if it was not sufficient to notify appellee that damages might result to appellant or to his wife, then it was incumbent upon the court to say so in plain and intelligible language, and then charge the jury that, unless such notice was given appellee through other means than the telegram, they could not find for appellant." It does not occur to us that, when the portion of the charge complained of is taken in connection with the other parts of the charge, any other construction than that deduced and expressed by appellant's counsel can be placed upon it. If, however, any other construction could have been given the charge, it would have been to the prejudice of the appellee, not to appellant.

By the second assignment of error it is contended that, in any event, plaintiff was entitled to recover the twenty-five cents toll paid defendant for transmitting the message, and that the court erred in not submitting such matter to the jury. Clearly, the plaintiff was not entitled, as a matter of law, to recover such toll; for, unless defendant was guilty of the negligence alleged, it was not recoverable. But if plaintiff was not satisfied with the charge, it was incumbent upon him to ask a special charge submitting such issue.

The third assignment complains that the court erred in failing to construe the telegram as sufficient upon its face to notify defendant of its importance, and, unless promptly delivered, the damages claimed by plaintiff were such as might have been contemplated by the parties at the time the message was received for the transmission. What we have said in disposing of the first assignment of error is applicable to and conclusive of this one. The rule is that, "when it appears to the court that the telegram upon its face does not apprise the telegraph company of the peculiar damages sought to be recovered, it becomes the duty of the court to charge the jury to find for the defendant, unless the company had notice of such damages from some other source." (Western U. Tel. Co. v. Kirkpatrick, 76 Texas, 217; Western U. Tel. Co. v. Smith, 76 Texas, 254; Western U. Tel. Co. v. Ragland, 61 S. W. Rep., 421.)

It is contended by the fourth assignment of error that the court erred in failing to charge the jury that, if they found from the evidence that plaintiff notified defendant of the importance of the telegram, and that he was a physician, and the husband of the person named in the message, and that she was sick, and that he desired to ascertain whether or not she needed his services, that, under these circumstances, the damages claimed by the plaintiff were in contemplation of the parties at the time of the delivery and transmission of the telegram. No such charge was requested by appellant, as was incumbent upon him. Ordinarily, if the court omits to charge upon a particular phase of a case, and a party desires an instruction upon it, it is his duty to request it, and his failure to do so is conclusive against him. If, however, such a charge as indicated by the assignment had been requested by plaintiff, it would have been on the weight of the evidence, in that it states to the jury, upon their finding certain facts, it would follow that the damages claimed were in contemplation of the parties. It would have been for the jury to say, and not the court, upon the proof of such facts, what damages were contemplated.

When the reputation of a witness for truth has been impeached, and it is sought to support his reputation by the testimony of other witnesses, the predicate must be first laid by showing that such supporting witnesses are acquainted with his general reputation in the neighborhood in which he lives for truth and veracity, before they can testify to what it is. This was not done in this case. Therefore we overrule the fifth assignment of error.

The sixth, seventh, eighth and ninth assignments are directed against the charge. After carefully considering them, we have concluded that none of them presents any affirmative error. The charge, taken as a whole, as far as it goes, correctly presents the law of the case. If there is any error in it it is of omission, which should have been supplied by plaintiff's requesting special charges. The judgment is affirmed.

*Affirmed.*