## NEWTON v. SHIVERS.

(Court of Civil Appeals of Texas. March 30, 1911. Rehearing Denied April 27, 1911.)

1. TRIAL (§§ 255, 256*)—INSTRUCTIONS—OMISSION TO CHARGE—REQUEST.

Failure to charge upon any particular phase of a case is not reversible error unless such a charge was requested, nor is it reversible error where the court gives a requested instruction and fails to charge further as to that phase of the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. §§ 255, 256.*]

2. ASSAULT AND BATTERY (§ 42*)—CIVIL LIABILITY — ACTION — QUESTION FOR JURY — SELF-DEFENSE.

In an action to recover damages for an assault and battery, the question whether defendant acted in self-defense held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 56; Dec. Dig. § 42.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by Ed Newton against John Shivers. Judgment for defendant, and plaintiff appeals. Affirmed.

Lattimore, Cummings, Doyle & Bouldin, for appellant. Baskin, Dodge & Eastus, for appellee.

WILLSON, C. J. Appellee assaulted and wounded appellant with a knife. The latter then brought this suit to recover damages because of the injury so inflicted. The verdict and judgment were in favor of appellee. It appeared from the testimony that the parties owned adjoining farms. In an inclosure of about 10 acres of land appellant had several bushels of seed potatoes, which, after digging them, he had left lying in piles on the ground. In the inclosure he permitted several head of horses to run loose. Two mules belonging to appellee's sons got into the inclosure by jumping over a wire gate forming a part of the fence around same. Appellant endeavored to drive the mules from the field, and then to catch them. Because of the presence of his own animals therein, he failed in both his attempts, and the mules remained in the inclosure during one night. On the morning after the mules jumped into the field, appellee and his two sons, who were searching for the mules, discovered them to be in the field. They entered the inclosure, and appellee's sons caught the mules, preparatory to removing them therefrom. In the meantime appellant appeared upon the scene, and demanded that appellee should pay him the sum of $1 as damages suffered by him on account of some of the potatoes having been destroyed by the stock. Appellee refused to pay the sum demanded, claiming it was too much, in view of the fact that appellant's horses presumably had assisted in the destruction of the potatoes. The result of the dispute so commenced was a fight between appellant and appellee, in which the latter, as stated above, cut the former with a knife. Defendant admitted that at the time the mules got into appellant's field the law prohibiting such animals from running at large (Acts 1899, General Laws, p. 220, and Act 1907, amendatory thereof, Gen. Laws, p. 123) was in force in Tarrant county.

[1] In his first assignment, appellant complains that the court failed to instruct the jury, in view of that law, that he had a right to impound and hold the mules and to use such force as was reasonably necessary to prevent appellee or his sons from removing them from his premises. We will not look to the record to determine whether such issues were made by the evidence or not, as it does not appear that appellant requested the court to so instruct the jury. It has often been held that a failure of a trial court to charge upon a particular phase of a case is not reversible error, unless a charge supplying the omission was requested by the complaining party. Wolff v. Telegraph Co., 42 Tex. Civ. App. 30, 94 S. W. 1062; Railway Co. v. Wray, 43 Tex. Civ. App. 380, 96 S. W. 74; Passmore's Instructions to Juries, §§ 262, 263, and cases there cited. Without respect to whether the evidence authorized such a charge or not, the same ruling for the same reason must be made as to the complaint in the third assignment that the court failed to instruct the jury that, if appellant had impounded the mules and appellee attempted by force to regain possession of them, the former "would not be guilty of provoking a difficulty nor guilty of an assault, if he used only such force as was reasonably necessary to prevent the illegal taking of said stock." Appellant did not request the court to so instruct the jury.

At appellant's request, the court instructed the jury that appellee could not claim that he acted in self-defense in wounding appellant if he "provoked the difficulty by the use of words, gestures, or a threatening attitude towards the plaintiff under circumstances reasonably calculated to provoke a difficulty." In his second assignment appellant complains of the failure of the court to further instruct the jury that appellee could not claim that he acted in self-defense if by attempting to take the stock from the field he provoked appellant to assault him. If appellant thought this phase of the case was not sufficiently covered by the instruction quoted above given at his request, he should have requested such additional instructions as would have fully covered it. Failing to make such a request, he has no right to complain.

[2] In his fourth assignment, appellant complains that the court failed to peremp-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

torily instruct the jury to find in his favor. Had appellant requested such an instruction, and he did not, it should have been refused. Appellee testified, and his testimony was corroborated by other testimony, that, after his sons caught the mules, he and they and other parties who were with them waited in the field about 20 minutes for appellant, who then came to where they were; that he said to appellant, "Ed, what is the damage?" that appellant replied, "One dollar." Continuing his testimony, appellee said: "I told him I thought that was too much, as there were other stock of his in the field besides our mules. He replied that did not make any difference, that I would have to pay the dollar before I got the mules. I then offered to leave it with Mr. Campbell and Mr. Thompson (who were present), and he replied with an oath that he would not leave it with any man, that he was big enough to take care of his own business, and said that I had been trying to run over him all the year. * * * I said, 'Ed, that is not so,' and then he called me a liar, and I turned around with my arm up to ward off the blow when he struck me. He struck me three or four times about the head and face, and dazed and blinded me. He would strike me and jump back, and then run in and strike me again, and jump back and strike me again. I could not strike him. When he first struck me, he was standing up on a potato ridge and I was standing in the furrow below, and he struck downward at me. The last time plaintiff run in to strike me I got out my knife, and, as he struck at me I cut him somewhere, as I thought, under the arm." It was shown that appellant was a young man 23 years of age, 6 feet and 1 inch in height, and weighed about 195 pounds, and that appellee was 56 years old. 5 feet and 10 inches in height, and weighed about 210 pounds. In view of the testimony referred to, we think it was for the jury, and not for the court, to say whether appellee in wounding appellant as charged acted in self-defense or not. Railway Co. v. Pettit, 47 Tex. Civ. App. 354, 105 S. W. 42; Rea v. State, 46 Tex. Cr. R. 453, 80 S. W. 1003.

The judgment is affirmed.