CARL HOLCOMB v. THE STATE.

No. 8215.   Decided November 12, 1924.

No motion for rehearing filed.

1.—Assault to Murder—Self-defense—Charge of Court—Limiting Right of.

In submitting the issue of self-defense, the right of defendant was restricted to defending against an attack which threatened death or serious bodily injury. This was error. There was evidence that prosecuting witness did attack appellant, and even though he exhibited no arms or deadly weapons, the appellant had the right to repel the attack by such force as was necessary, and this issue should have been submitted to the jury. See Collins v. State, 47 Tex. Crim. Rep., 115 Britton v. State, 253 S. W. Rep., 519.

2.—Same—Witness—Impeachment of—By Indictment.

It is not competent for the state to bring about an indictment for perjury against a witness, who has on a previous occasion in the same case given testimony favorable to the accused, and use the indictment as a means of discrediting the witness upon a subsequent trial. See Bennett v. State, 47 Tex. Crim. Rep., 52 and other cases cited in the opinion herein.

Appeal from the District Court of Wichita County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction for an assault to murder; penalty, five years in the penitentiary.

*Davenport, Cummings & Thornton,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for assault to murder; punishment fixed at confinement in the penitentiary for a period of five years.

According to the State's testimony, Skaggs, the injured party, approached the appellant about an injury that he had inflicted upon a boy named Bud Tucker. Appellant resented the interference and stabbed Skaggs. According to the appellant's testimony, he had had a fight with Tucker, and Skaggs accosted him and said: "Carl, put up your knife; I am going to whip you." Appellant, exhibiting his hand, said that his hand was broken and that he could not fight. Skaggs replied that he was going to whip him; that the broken hand made no difference. He struck at the appellant who, at the time, had his knife in his hand, cleaning his finger nails. Appellant got loose and observing Skaggs throw his hand to his hip and believing that he was about to be killed, struck Skaggs with his knife. Skaggs denied he made any assault, but said that when the appellant exhibited his crippled hand, he was informed by Skaggs that the matter would be overlooked, but that without further provocation, the appellant inflicted the knife wound upon him.

An eyewitness for the appellant testified that he heard Skaggs say: "Where is Carl Holcomb; I am going to whip him?" He also heard him say to the appellant: "What did you hit Bud for?" Holcomb replied that it started in play and that it was now over. Skaggs said: "Put up your knife; I am going to whip you." Holcomb said "No, John, I have got a bad hand; I won't fight you," and held up his hand. Skaggs then said: "I am going to whip you anyway," and hit at the appellant. A fight ensued in which they both engaged and the knife wound was inflicted.

In submitting the issue of self-defense, the exercise of that right was restricted to defending against real or apparent attack from Skaggs which put the appellant in peril of losing his life or suffering serious bodily injury. An exception was reserved to this phase of the charge, and a special charge upon the subject was presented and refused. The appellant insists that inasmuch as there was evidence that he had been assaulted by Skaggs even though he exhibited no arms or deadly weapons, he had the right to repel the attack by such force as was necessary to protect his person; that this right existed although the assault upon him was not such as to put him in fear of losing his life or suffering serious bodily injury. This is understood to be correct. The jury might have believed that the appellant was assaulted by Skaggs but that nothing occurred justifying an apprehension upon the part of the appellant of death or serious bodily injury. According to the testimony, Skaggs expressed the intention of whipping the appellant. It may have been the conclusion of the jury that whatever was done by Skaggs was in accord with this expressed intention. If such was his intention and the appellant was so impressed, he would still have the right to defend against the attack and use all necessary force to repel it. See Collins v. State, 47 Texas Crim. Rep., 115;

Britton v. State, 253 S. W. Rep., 519. If in repelling the attack, the force used by the appellant exceeded that which was necessary under the circumstances as viewed from his standpoint, he might have been convicted of some grade of assault, but his right to defend would not have been limited to the defense against an assault threatening death or serious bodily injury. Schutz v. State, 257 S. W. Rep., 880.

State's counsel concedes that in the particular mentioned the learned trial judge committed error of such importance as requires a reversal of the judgment of conviction.

Bill No. 5 is not specific. We infer from it, however, that a material witness for the appellant was required to testify that because of evidence given at a former time with reference to the present transaction, the witness was under indictment for perjury. It has been held that it is not competent for the State to bring about an indictment for perjury against a witness who has on a previous occasion in the same case given testimony favorable to the accused and use the indictment as a means of discrediting the witness upon a subsequent trial. This is mentioned in view of another trial. See Bennett v. State, 47 Texas Crim. Rep., 52, 81 S. W. Rep., 30; Cook v. State, 88 Texas Crim. Rep., 659.

The error pointed out is deemed such as requires a reversal of the judgment, and such is ordered.

*Reversed.*