## M. G. DICKEY v. THE STATE.

No. 8880.    Delivered Jan. 28, 1925.

**1.—Aggravated Assault—Charge of Court—Limiting Self Defense—Error.**

In instructing on the law of self defense the court so worded his charge as to limit the appellant's right to resist an assault threatening *death or serious bodily harm.* This charge was erroneous, in that it was a limitation of appellant's right of self defense. Under the law of this state one who is attacked by force, may repel with force. The repelling force should not be more than is necessary for protection, as viewed from the standpoint of the accused, but it is for the jury to determine whether the force used is excessive, and to have before them knowledge of the right to repel an attack, whatever its nature, in order that it may be taken into account in assessing the punishment, or fixing the grade of the offense, if any. See Britton v. State, 95 Tex. Crim. Rep., 209.

**2.—Same—Evidence—Limiting Effect of—Erroneous.**

It was in evidence that prior to the difficulty appellant had appealed to both the county attorney and the county judge for protection against threatened assaults on the part of Miller. This testimony was erroneously limited to the issue of insanity, in the court's charge. This limitation of the evidence was properly excepted to. The act of the appellant in seeking the officers mentioned in their official capacity, and in endeavoring to procure their interposition to bring about a peaceful adjustment and protection against threatened acts of Miller, after receiving the testimony, it should not have been limited in the manner mentioned. See Medford v. State, 86 Tex. Crim. Rep. 240; Watt v. State, 235 S. W. Rep., 889.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of an aggravated assault; penalty, a fine of $250 and confinement in the county jail for a period of twelve months.

The opinion states the case.

*Butler, Price & Maynor,* of Tyler, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Aggravated assault is the offense; punishment fixed at a fine of $250 and confinement in the county jail for a period of twelve months.

There was evidence that the appellant was a feeble man and much smaller than Miller, the injured party. A quarrel over a debt culminated in an affray in which the appellant shot his adversary.

According to the appellant's testimony, he had previously been threatened by Miller and on the present occasion, upon being accosted by Miller, appellant sought to avoid him when Miller, with an oath, said, "I got you this time," and made a demonstration as if to strike, with a knife, at which time the appellant shot him.

In instructing on the law of self-defense, the court so worded his charge as to limit the appellant's right to resist an assault threatening *death or serious bodily harm*. To this a specific objection was urged upon the ground that under the facts the appellant would have a right to defend against an assault of lesser violence. A special charge presenting the same theory was requested and refused. Under the facts, it is believed that the charge was unduly restrictive and that in response to the exception it should have been modified. See Maynard v. State, 265 S. W. Rep., 167; Holcomb v. State, 265 S. W. Rep., 1039; Collins v. State, 47 S. W. Rep., 155; Britton v. State, 95 S. W. Rep., 209; Schutz v. State, 257 S. W. Rep., 880; Rea v. State, 80 S. W. Rep., 1003; McLendon v. State, 66 S. W. Rep., 553; Hix v. State, 102 S. W. Rep., 405; Sprinkle v. State, 91 S. W. Rep., 787; Kinslow v. State, 147 S. W. Rep., 249.

We understand that under the law of this State, one who is attacked by force may repel with force. The repelling force should not be more than is necessary for protection, as viewed from the standpoint of the accused, but it is for the jury to determine whether the force used is excessive, and to have before them knowledge of the right to repel an attack, whatever its nature, in order that it may be taken into account in assessing the punishment or fixing the grade of the offense, if any. See Britton v. State, 95 Texas Crim. Rep., 209.

According to the testimony of the county attorney, appellant, some time before he shot Miller, came to the witness in his official capacity and related to him that Miller was giving him (appellant) much annoyance; that he wanted no trouble with him; and that he wanted Miller put under a peace bond. The county attorney explained to the appellant what would be necessary to put one under a peace bond and told him that such a bond would not keep Miller from killing him; that ordinarily a peace bond was worthless.

Appellant also went to the county judge some three months before the affray in question. According to the county judge, who testified as a witness, appellant said that "Miller had cornered him up and threatened to whip him." He said that he could not fight Miller and wanted the witness to talk to Miller and ask him not to bother the appellant.

.Appellant had been adjudged an epileptic and the issue of insanity was in the case. The court instructed the jury that the testimony of the county attorney and the county judge could be considered alone upon the issue of insanity. This limitation of the evidence mentioned was made the subject of exception, and we are inclined to the opinion that in view of the act of the appellant in seeking the officers mentioned in their official capacity and in endeavoring to procure their interposition to bring about a peaceful adjustment, after receiving the testimony, it should not have been limited in the manner mentioned. The authorities upon the subject are cited in Medford v. State, 86 Texas Crim. Rep., 240; Watt v. State, 235 S. W. Rep., 889.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*