APOLONIO VEGA, ALIAS PAUL VEGA, V. THE STATE.

No. 9278.   Delivered November 4, 1925.

1.—Assault to Murder—Charge of Court—Limiting Self Defense—Error.

Where, on a trial for an assault to murder, the defensive theory raised by the evidence was that appellant was being assaulted by the injured party, it was error for the court to charge the jury that he was only entitled to the right of self-defense in the event that he believed the injured party was about to draw a weapon with which to attack and in-

flict death or serious bodily injury upon him. He had the legal right to defend himself against any character of assault, using only such force as was necessary to repel the assault, and the court should have so charged. Following Collins v. State, 81 S. W. 300 and other cases cited.

### 2.—Same—New Trial—Newly Discovered Evidence—No Statement of Facts.

Where a motion for a new trial set up as grounds for same newly discovered evidence, the action of the court in refusing a new trial must be preserved by a proper bill of exception, containing the evidence adduced on the hearing of the motion, duly filed *during term time,* or we cannot review the matter.

Appeal from the District Court of Lee County. Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction of an assault to murder, penalty three years in the penitentiary.

The opinion states the case.

*The Bowers,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—From a conviction in the District Court of Lee County for assault to murder, with punishment fixed at three years in the penitentiary, this appeal is taken.

The parties to this case and most of the witnesses are Mexicans and it is difficult for us to know just what was intended to be said by witnesses whose statements as interpreted appear in many places self-contradictory. However, we observe that the appellant and his witnesses claim that an attack was made by the injured party upon appellant, and some difficulty is observed in ourselves attempting to solve the question as to how serious the attack appeared to the appellant. Be that as it may, an exception was taken to paragraph nine of the court's charge upon the ground that it was too restrictive of the right of appellant to defend himself, in that he was only given the right of self-defense in the event he believed the injured party was about to draw a weapon with which to attack him "and inflict death or serious bodily injury upon him the said defendant." It is contended in connection with this exception, and also a special charge was presented embodying the proposition, that defendant had the right to defend himself against any character of assault on the part of the

alleged injured party. Special charge No. 2 which was refused, was as follows:

"You are charged that the defendant Apolonio Vega, at the time he struck the said Antonio Cruz with the pistol, had the right to defend himself against an ordinary assault as well as against one which would produce fear of death or serious bodily injury."

Appellant's contention in the evidence was that when he was attacked by the alleged injured party, he struck said party with his pistol which was thus discharged. The matter has been before this court in other similar cases in which we held it reversible error for the court in a proper case to so restrict the rights of the accused in this regard. Collins v. State, 81 S. W. Rep. 300; Sprinkle v. State, 91 S. W. Rep. 787; Holcomb v. State, 265 S. W. Rep. 1039; Britton v. State, 253 S. W. Rep. 519; Dickey v. State, 268 S. W. Rep. 462. The special charge might be open to the objection that it was on the weight of the evidence, but otherwise the principle involved was correct.

Appellant presented a motion for a new trial, among other grounds, setting up newly discovered evidence. The matter contained therein might be serious if the action of the court in refusing to grant a new trial had been preserved by a bill of exceptions containing the evidence and duly filed within term time. This matter will not probably arise upon another trial and will not be further discussed.

For the error of the court in the matter of the charge above referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*