CRADIE MOORE V. THE STATE.

No. 16491.   Delivered March 7, 1934.
Reported in 69 S. W. (2d) 96.

The opinion states the case.

*Bozeman & Cathey,* of Quitman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, two and one-half years in the penitentiary.

We see no reason for discussing the facts in this case further than may be necessary to set forth our reasons for our decision. The fourth paragraph of the charge of the court below is as follows:

"Serious bodily injury is such an injury as causes apprehension of death.

Appellant excepted to the giving of such charge. This charge clearly gave an incorrect definition of serious bodily injury as has been often held by this court. See Bruce v. State, 41 Texas Crim. Rep., 27; McKee v. State, 93 Texas Crim. Rep., 217; Shutz v. State, 96 Texas Crim. Rep., 287; Maynard v. State, 98 Texas Crim. Rep., 204; Holcomb v. State, 98 Texas Crim. Rep., 456; Vega v. State, 102 Texas Crim. Rep., 37. Serious bodily injury, in our legal nomenclature, means,—the injury must be grave, not trivial, such an injury as gives rise to apprehension of danger to life, health or limb. Section 1583 of Mr. Branch's Annotated P. C. cites numerous decisions upholding this definition. Throughout his charge the court based ap-

pellant's right to act in self-defense upon an attack made by Fammell which threatened the life or to do serious bodily injury to this appellant. Such a charge might not be cause for reversal if the facts showed without dispute that the claim of self-defense was against such an attack as would reasonably cause death or apprehension thereof, but we have here no such case. Under the testimony of the state, Fammell was making no attack upon appellant when the latter shot him. Under appellant's testimony Fammell drew a knife and advanced upon him, and continued to advance after being warned not to come any further, and while so advancing appellant says he shot. The size of the knife, or its kind or character was not inquired into; nor did appellant say he shot to keep Fammell from killing him, or because he thought Fammell was going to maim or kill him. He merely said Fammell was coming on him with a knife. It must be reasonably apparent that under such circumstances a charge restricting appellant's right to defend himself to a situation in which he was attacked, or believed himself to be attacked in such manner as to threaten his life or to do him serious bodily injury,—was more onerous than required by law and placed a greater burden upon appellant than he was required to bear.

For the error in giving the charge mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*