### A. JOUBERT V. THE STATE.

No. 19249.  Delivered December 22, 1937.

The opinion states the case.

*Quentin Keith* and *J. Donald Aaron,* both of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder without malice; the punishment, confinement in the penitentiary for three years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed T. A. Cheshire by striking him with a hoe.

Appellant and deceased were neighbors. Sometime prior to the difficulty deceased and appellant's wife had a quarrel concerning a ditch deceased was digging. According to the testimony of the wife of appellant, deceased had ordered her to remove a post, which he claimed had been placed on his lot by appellant. On the occasion of the homicide appellant and deceased met on the premises of deceased. According to the testimony of the State, appellant sought deceased; and, without provocation, killed him by striking him on the head with a hoe. According to appellant's version, deceased called him to the place where he (deceased) was digging a ditch. A quarrel ensued and deceased drew back his shovel in an effort to hit him. He (appellant) became angered, and, believing deceased was going to kill him, he struck deceased with his hoe in order to stop him.

In addition to submitting an instruction on the law of murder and murder without malice, the court charged on aggravated assault. Also, an instruction was given predicating appellant's right of self-defense on an apprehension or fear of death or serious bodily injury. Appellant timely and properly excepted to the charge because of its failure to embody an instruction covering

his right to defend against any unlawful and violent attack. The State's attorney before this court expresses the opinion that, under the circumstances in evidence, appellant's exception to the charge was well taken. We are constrained to agree with him. Taylor v. State, 56 S. W. (2d) 646. See Article 1224, P. C.

In view of another trial, it is suggested that it would be proper for the court to submit an instruction covering the provisions of Art. 1223, P. C.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.