## JACINTO MARTINEZ V. THE STATE.

No. 21631. Delivered June 4, 1941.

The opinion states the case.

*O. B. Garcia,* of Brownsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder. The punishment is assessed at confinement in the State penitentiary for a term of four years.

It was charged in the indictment that on or about the 2nd day of October, 1938, and anterior to the presentment of the indictment, Jacinto Martinez, in the County of Cameron and State of Texas, did unlawfully, voluntarily and with malice aforethought, kill Julio Abrego by hitting him with a rock, etc.

The court instructed the jury on the law of murder with and

without malice, and on self-defense. To this charge appellant in due time addressed two objections. The first was that the court failed to instruct the jury on defense against a milder or lesser attack than one which was calculated to create in appellant's mind an apprehension or fear of death or serious bodily injury and thereby limited his defense; and, second, because the court declined to instruct the jury relative to the law of aggravated assault and battery. Appellant in due time presented two special charges on the subject which the court declined to give and to which action of the court appellant excepted. Whether or not appellant was entitled to instructions on the issues depends upon the evidence.

It appears from the record that on the afternoon of the day of the homicide, appellant and deceased met for the first time at a beer tavern, where the deceased invited appellant to eat some crackling and each drank a bottle of beer. From there they started to Doc Grove's beer tavern. They approached the same from the rear, entering an alley leading up to the rear door thereof. When they reached the door, appellant undertook to open the same, at which time the deceased caught the back of appellant's shirt and violently pulled him back, breaking two top buttons of his shirt and then struck at him. Appellant picked up a brick, or rather two brick-bats cemented together, struck the deceased on the side of his head, knocked him down and then walked away, leaving him lying in the alley. Appellant made no report thereof. However; the injured party was soon discovered back of the tavern and carried to a hospital, where an examination was made of his wounds by a doctor, who found a fractured skull which proved fatal. Appellant was arrested the next afternoon and made a confession which, in the main, corresponded with the testimony. Furthermore, appellant testified on the trial that at the time he struck the deceased he had no intention of killing him.

It is the appellant's contention that since he was assaulted by the deceased, even though no weapon of any kind was used, he had a right under the law to repel the attack by such force as appeared to him to be necessary to protect his person.

Article 1224, P. C., reads as follows:

"Homicide is justifiable also in the protection of the person or property against any other unlawful and violent attack besides those mentioned, and in such cases all other means must

be resorted to for the prevention of the injury, and the killing must take place while the person killed is in the very act of making such unlawful and violent attack," etc.

Of course, the statute gives one the right to defend himself against any kind and character of an unlawful and violent attack besides those mentioned in Article 1222, P. C., provided he uses no greater force than is necessary to repel the assault.

In the case of Holcomb v. State, 98 Tex. Cr. R. 456, this court, speaking through Judge Morrow, said:

"In submitting the issue of self-defense, the exercise of that right was restricted to defending against real or apparent attack from Skaggs which put the appellant in peril of losing his life or suffering serious bodily injury. An exception was reserved to this phase of the charge, and a special charge upon the subject was presented and refused. The appellant insists that inasmuch as there was evidence that he had been assaulted by Skaggs even though he exhibited no arms or deadly weapons, he had the right to repel the attack by such force as was necessary to protect his person; that this right existed although the assault upon him was not such as to put him in fear of losing his life or suffering serious bodily injury. This is understood to be correct. The jury might have believed that the appellant was assaulted by Skaggs but that nothing occurred justifying an apprehension upon the part of the appellant of death or serious bodily injury. According to the testimony, Skaggs expressed the intention of whipping the appellant. It may have been the conclusion of the jury that whatever was done by Skaggs was in accord with this expressed intention. If such was his intention and the appellant was so impressed, he would still have the right to defend against the attack and use all necessary force to repel it."

See Collins v. State, 47 Tex. Cr. R. 115; Britton v. State, 253 S. W. 519; Hix v. State, 51 Tex. Cr. R. 431; Price v. State, 46 Tex. Cr. R. 80.

The instrument used by appellant with which the injury was inflicted upon the deceased was not per se a deadly weapon. He testified that he had no intention of killing the deceased at the time he struck him. If this is true, or if the jury had believed it to be true, appellant would be guilty of no higher offense than aggravated assault. Consequently, he was entitled to an instruction from the court on the law of aggravated as-

sault. An inspection of the court's charge discloses that nowhere did the court specifically instruct the jury that unless they believed from the evidence that the defendant had the specific intent to kill the deceased at the time he struck him, he would not be guilty of any greater offense than aggravated assault. See Gomez v. State, 34 S. W. (2d) 607; Joubert v. State, 111 S. W. (2d) 721.

Having reached the conclusion that the learned trial court fell into error in failing to respond to the appellant's objections to the court's charge and in declining to submit his special requested instructions to the jury, we are constrained to sustain the appellant's contention. It is therefore ordered that the judgment of the trial court be, and he same is, reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.