## LLOYD CLOUDY V. THE STATE.

No. 21669. Delivered June 18, 1941.

The opinion states the case.

*H. L. Edwards,* of Nacogdoches, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Under an indictment charging appellant with assault with intent to murder Nash Rodrigues conviction was for aggravated assault and punishment assessed at sixty days in jail and a fine of $100.00.

The evidence is unsatisfactory and confusing. It appears that Rodrigues was having trouble with his car. Appellant and others were aiding him in trying to get it to operate. Everybody seemed to be in a good humor until some remark was made by appellant regarding a prosecution which was pending against someone for hog theft. This remark started the trouble. It was Rodrigues' version that he ran and was pursued by appellant who caught up with and cut Rodrigues with a knife, severing two ribs and keeping him in the hospital a week. The wound, according to the doctor's testimony, was of a serious nature. Appellant's version of the matter was that he was defending against an attack made upon him by Rodrigues with a car crank and his fists.

Appellant objected to the court submitting the issue of aggravated assault based upon the theory that the assault was committed with a deadly weapon, it being appellant's contention that in the absence of any description of the knife used by appellant that the proof of it being a deadly weapon was not sufficient. The deadly character of the weapon used may be shown by the character of the wound inflicted. See Branch's Ann. Tex. P. C., Sec. 1587, page 934. In view of the wound inflicted the court was justified in submitting the issue of aggravated assault based on a deadly weapon as the instrument used, and would also under the evidence have been justified in submitting the issue on the serious injury inflicted.

Appellant also objected to the court's instruction because his right of self-defense was restricted to defending against an apprehension of "serious bodily" injury. We think the court's charge upon the subject is somewhat confusing and subject to the criticism mentioned. Paragraphs 14 and 15 of the court's charge read as follows:

"Upon the law of self-defense you are instructed that one charged with any grade of assault has the right of self-defense against an unlawful attack, though the attack does not amount to effort to inflict death or serious bodily injury."

"If you believe that the defendant committed the assault (if

he did so) as a means of defense against an unlawful attack made upon him by the said Nash Rodrigues then you will acquit the defendant, and say by your verdict 'not guilty'."

The first sentence of paragraph 16 reads:

"On the issue of self defense, you are charged that a person is always justified in defending himself against any unlawful and violent attack, causing an apprehension of serious bodily injury at the hands of the assailant."

In making particular application of the law to the facts in paragraph 17 the court employed the following language.

"Therefore, if you find and believe from all the facts and circumstances in evidence in this case, or if you have a reasonable doubt as to the facts in this respect that at the time the defendant assaulted and wounded Nash Rodrigues that the defendant had been cursed and abused by Nash Rodrigues, or had been assaulted by Nash Rodrigues, and that under all of the facts and circumstances it reasonably appeared to the defendant, viewed from his standpoint that he was in danger of serious bodily injury and that it was necessary to so strike and wound the said Nash Rodrigues in order to defend himself against what appeared to him to be an unlawful attack, you will find the defendant not guilty. In other words, before you will convict the defendant of any grade of assault as defined in this charge, you must find and believe beyond a reasonable doubt that he was not acting in his self defense as above explained at the time he assaulted and wounded the said Nash Rodrigues."

The right of self defense is not limited to cases where the individual is threatened with loss of life or serious bodily injury. The holding of this court has been consistent that when an accused was charged with assault with intent to murder or aggravated assault it was error to limit his right of self defense to an attack which threatened him with death or serious bodily injury when such issue is raised by the evidence. In the opinion in Holcomb v. State, 98 Tex. Cr. R. 456, 265 S. W. 1039 will be found the following very clear statement of the law applicable.

"In submitting the issue of self defense, the exercise of that right was restricted to defending against real or apparent

attack from Skaggs which put the defendant in peril of losing his life or suffering serious bodily injury. An exception was reserved to this phase of the charge, and a special charge upon the subject was presented and refused. The appellant insists that inasmuch as there was evidence that he had been assaulted by Skaggs, even though he exhibited no arms or deadly weapons, he had the right to repel the attack by such force as was necessary to protect his person; that this right existed although the assault upon him was not such as to put him in fear of losing his life or suffering serious bodily injury. This is understood to be correct. * * * If in repelling the attack the force used by the appellant exceeded that which was necessary under the circumstances as viewed from his standpoint, he might have been convicted of some grade of assault; but his right to defend would not have been limited to the defense against an assault threatening death or serious bodily injury."

A number of cases are cited in the opinion just referred to. See also DeShazo v. State, 118 Tex. Cr. R. 42, 37 S. W. (2d) 751; Holland v. State, 118 Tex. Cr. R. 439, 39 S. W. (2d) 35; Maynard v. State, 98 Tex. Cr. R. 204, 265 S. W. 167; Dickey v. State, 99 Tex. Cr. R. 83, 268 S. W. 462; Nash v. State, 108 Tex. Cr. R. 474, 1 S. W. (2d) 635. Forest v. State, 108 Tex. Cr. R. 159, 300 S. W. 51.

Because in the only specific application of the law to the facts in paragraph 17 of the charge appellant's right to defend was restricted to an apprehension of "serious bodily" injury the judgment must be reversed and the cause remanded, and it is so ordered.