# Birmingham Southern Railroad Co. v. Cuzzart.

*Action against Railroad Company by Employe to recover Damages for Personal Injuries.*

1. *Action against railroad company for personal injuries; sufficiency of complaint.*—In an action against a railroad company by an employee to recover damages for personal injuries, a

[Birmingham Southern Railroad Co. v. Cuzzart.]

complaint which alleges that while the plaintiff was engaged in the performance of his duties, the defendant's engineer, naming him, "who was in charge and control and superintendence of said engine," negligently moved said engine at a dangerous rate of speed up to and against a car on the track of the defendant, by reason of which the coupling pin on said car was thrown with great force against the face of the plaintiff who was standing upon the running board of the engine for the purpose of coupling said car, and by reason of such blow the plaintiff suffered the injury complained of, states a cause of action under subdivision 5 of section 1749 of the Code.

2. *Action against a railroad company; admissibility of evidence.* In an action against a railroad company by an employee to recover for personal injuries, where the complaint alleges that by reason of certain stated negligence on the part of the engineer the coupling pin "was thrown with great force against the plaintiff's face, striking him near his eye, whereby serious injury was inflicted on the plaintiff, his right eye being permanently impaired," and "from which plaintiff has suffered great mental and physical pain and anguish," it is competent for the plaintiff to introduce testimony showing that from the stroke of the pin he had suffered pain, in having headaches, and in having pains darting through his head in the region of the eye.

3. *Same; same.*—In such a case, where the plaintiff had testified that since the injury described in the complaint, his eyes or one of them, had in consequence of such injury been inflamed and weak, it is not competent for the defendant, on cross examination of the plaintiff, to prove the condition of the eyes of the plaintiff's father and mother, or of his brothers and sisters.

4. *Charge to the jury; properly refused when assuming the truth of the testimony of a particular witness.*—A charge to the jury which assumes as absolutely true the testimony of a particular witness introduced, and the absolute correctness of the opinion of such witness, who was examined as an expert, is properly refused.

5. *Action against railroad company; charge to the jury.*—In an action against a railroad company by an employee to recover damages for personal injuries, where there was evidence showing that the plaintiff had been continuously at work receiving practically the same wages since the day of the accident, it is not erroneous for the court to refuse to give to the jury charges instructing them that the plaintiff had been able since his injury to earn approximately as much money as he had before.

6. *Charge to the jury; properly refused when giving undue prominence to a particular fact.*—A charge to the jury which singles out and gives undue prominence to a fact of which there is evidence, is erroneous and properly refused; and the infirmity of such a charge is not relieved by the further instruction on the part of the court that such fact was to be considered "along with the balance of the evidence in the case."

7. *New trial; properly refused.*—The judgment of a trial court refusing a new trial on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumption of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, James P. Cuzzart, against the Birmingham Southern Railroad Company, to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant. In the complaint the plaintiff claimed $8,000 damages, and it was averred that at the time of the accident complained of the plaintiff was in the employ of the defendant as a switchman, it being his duty under such employment to couple cars together and couple defendant's locomotive to cars. The complaint then averred as follows: "That while plaintiff was so engaged in the performance of his duty, and standing upon the footboard of defendant's engine, ready to couple a car thereto, when said car should be reached, defendant's engineer, one Ike Veitch, who was in charge and control and superintendence of said engine, negligently moved the said engine at a very high, extraordinary and dangerous rate of speed up to and against a car on the track of defendant, whereby a coupling pin in or on said car was thrown with great force into plaintiff's face, striking him near his eyes, whereby serious injury was inflicted upon plaintiff, his right eye being permanently impaired, disfigured and injured, and from which plaintiff has suffered great mental and physical anguish." The defendant demurred to the complaint upon the following grounds: "1. For that there

is a misjoinder of actions in this, that plaintiff seeks
to join in the same count actions under the second and
fifth subdivisions of section 1749 of the Code. 2. For
that said complaint is uncertain and indefinite in that
it does not allege or show whether the plaintiff relies
on an action under subdivision 2 or subdivision 5 of
section 1749 of the Code. 3. For that said complaint
alleges that the accident complained of resulted proxi-
mately from the negligence of one who had superin-
tendence entrusted to him, but it does not allege or show
that the act or negligence complained of was commit-
ted whilst in the exercise of such superintendence."
This demurrer was overruled and the defendant duly
excepted. Thereupon the defendant pleaded the gen-
eral issue and a special plea setting up the contributory
negligence of the plaintiff. The undisputed evidence
showed that at the time of the accident the plaintiff
was in the employment of the defendant as a switch-
man, and it was his duty to assist in switching the
cars and to couple and uncouple the cars to one an-
other and to the engine; that he was riding on an en-
gine that was moving towards a car for the purpose of
making a coupling with it, which coupling was to be
made by the plaintiff; that when the engine and car
came together, the coupling pin flew out and up and
struck the plaintiff on the frontal bone just over his
right eye.

The plaintiff as a witness in his own behalf testified
that the result of the accident was the practical loss of
his right eye from this lick. The other evidence for the
plaintiff tended to show that the engine was running
at an unusual rate of speed and struck the car with
which the coupling was to be made, very hard and with
a great deal of force, and that this blow was the cause
of the coupling pin flying up and hitting the plaintiff.
It was also shown by the undisputed evidence that the
plaintiff returned to work for the defendant three days
after the accident and worked for the defendant about
two months thereafter at the same wages; that after
leaving the employment of the defendant he worked
with other companies and had been continuously em-
ployed up to a few days before the trial, and that the

plaintiff had earned approximately the same wages after the accident as before it.

Dr. S. L. Ledbetter, as a specialist in diseases of the eye, testified that he had examined the plaintiff, and that the condition of the plaintiff's eye was not caused by the blow received from the coupling pin; that the plaintiff's eyes were diseased, but that the disease was caused from granulation of the lids.

Dr. J. C. Berry, a practicing physician, testified that he dressed the wound of the plaintiff when he was hurt in the accident for which the suit was brought, that the wound was a small laceration above the eye in the edge of the eyebrow, but that the eye was hurt in no way by the blow received. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe all the evidence in this case, they must find a verdict for the defendant." (4.) "The court charges the jury that under the evidence in this case, they can not find a verdict for plaintiff for any alleged injury to his eye." (6.) "If the jury believe from the evidence that the trouble to plaintiff's eye consists of granulation of the lids and a flattening of the eye, and a cloudiness of the cornea of the eye, then they can not find a verdict for plaintiff on account of any alleged injury to his eye." (7.) "The court charges the jury that in this case the evidence shows that the plaintiff, since the accident happened to him, has been able to earn approximately as much money, by his work, as he did before the accident." (8.) "The court charges the jury that even if they should find a verdict for the plaintiff, they can not allow him any damages on account of any inability on his part to earn as much money now or in future, as he was able to earn before the accident." (9.) "The court charges the jury that in this case the evidence shows that plaintiff is able to earn as much money now as he was earning before the happening of the accident." (10.) "The court charges the jury that in considering the evidence in

this case as to the extent of the injuries received by the plaintiff, they can consider along with all the balance of the evidence in the case, the fact, if it be a fact, that plaintiff went to work three days after the accident, and continued to work till last Saturday. This must be considered by the jury along with all the other evidence in the case."

There were verdict and judgment for the plaintiff, assessing his damages at $750. The defendant moved the court for a new trial, upon the ground that the verdict of the jury was excessive; that the verdict was contrary to the evidence, and that the evidence in the case was not sufficient to support the verdict. This motion was overruled. To this ruling the defendant duly excepted.

The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & WEATHERLY and E. D. SMITH, for appellant. The court should have sustained the demurrer to he complaint. The complaint combines an action under subdivision 2, with an action under subdivision 5 of section 1749 of the Code. This was a misjoinder of actions.—*H. A. & B. R. R. Co. v. Dusenbery*, 94 Ala. 413; *L. & N. R. R. Co. v. Mothershed*, 97 Ala. 261; *R. & D. R. R. Co. v. Weems*, 97 Ala. 270; *Birmingham Ry. & Elec. Co. v. Baylor*, 101 Ala. 488; *Laughran v. Brewer*, 113 Ala. 509.

The court erred in allowing the plaintiff to testify as to his headaches which he said were produced by the lick from the pin.

The suit was for injury to his eye, nothing is mentioned in the complaint about any headaches, or other injuries than those involved in the injury to the eye. It was not a part of the *lis pendens.*—*A. G. S. R. R. Co. v. Richie*, 99 Ala. 346.

The court should have given the several charges requested by the defendant.—*A. G. S. R. R. Co. v. Smith*, 81 Ala. 221; *H. A. & B. R. R. Co. v. Maddox*, 100 Ala. 618; *Dean v. E. T. V. & Ga. R. R. Co.*, 98 Ala. 586; *R. R. Co. v. Burton*, 97 Ala. 240; *Dantzler v. DeB. C. & I. Co.*, 101 Ala. 309; *Sheffield v. Harris*, 101 Ala. 564;

*Culver v. Ala. Mid. R. R. Co.*, 108 Ala. 330; *Seaboard Manfg. Co. v. Woodson*, 94 Ala. 143.

The motion for a new trial should have been granted. *Cobb v. Malone*, 92 Ala. 630; *B. R. & E. Co. v. Clay*, 108 Ala. 233; *Anderson v. English*, 25 So. Rep. 748; *Davis v. Miller*, 109 Ala. 589.

ARTHUR L. BROWN and SUMTER LEA, *contra.*—The charges requested by the defendant were properly refused.—*Woodworth v. Williams*, 101 Ala. 264; *Steed v. Knowles*, 97 Ala. 573; *Chandler v. Jost*, 96 Ala. 596; *A. G. S. R. R. Co. v. Richie*, 99 Ala. 346.

Under the rules laid down by this court, the action of the trial court in refusing the motion for a new trial should not be disturbed.—*Cobb v. Malone*, 92 Ala. 630; *White v. Blair*, 95 Ala. 147; *Dillard v. Savage*, 98 Ala. 598; *Peck v. Karter*, 121 Ala. 636.

McCLELLAN, C. J.—There is no merit in the demurrer to the complaint. An averment that A "was in charge and control and superintendence of said engine," is no more than to aver that he was *in charge* of the engine; and the averment is supported by evidence that A. was the engineer operating the engine at the time in question. There was such evidence here. The court was, therefore, not in error either in overruling the demurrer or in refusing the general charge requested by defendant on the theory that the complaint averred one thing and the evidence went to prove another in this connection.

The complaint alleges that by reason of certain stated negligence of the engineer "a coupling pin was thrown with great force into plaintiff's face striking him near his eyes, whereby serious injury was inflicted upon plaintiff, his right eye being permanently impaired, disfigured and injured, and from which plaintiff has suffered great mental and physical pain and anguish." The clause "and from which plaitiff has suffered," etc., etc., naturally refers back to the averment as to the pin striking him with great force near the eyes. Plaintiff's testimony that from this stroke of the pin he had suffered pain in having headache a great deal

and in having had pains darting through his head in the region of the eyes was relevant to the case so presented by the complaint, and was properly received.

The plaintiff testified that since the hurt described in the complaint his eyes, or one of them, had in consequence been inflamed and weak. The theory of defendant was that this condition had existed before the injury was received. On cross-examination of the plaintiff, counsel for defendant propounded these questions to him: "State whether your father or mother, or some of your brothers and sisters have got weak eyes?" and "State whether your father has not got eyes that are inflamed and weak?" The court sustained an objection to each of these questions. Very high authority, none other indeed than the Good Book itself, is cited by counsel for appellant in support of his exceptions to these rulings of the court. They say: "There is no truer saying in the Bible than that the sins of the fathers shall be visited upon the children unto the third and fourth generations. This is a law of heredity, promulgated by the Almighty, and is known of all men." We have acquaintance with this sacred text; but we are not prepared to admit its application in the premises here. We do not know that inflamed or weak eyes is a sin within its terms, nor are we prepared to say that these infirmities have customarily such a descendible quality as that proof of them in the sire accounts for their existence in the son. The matter lies beyond our judicial ken. If the fact be as counsel insist it is in this connection, there should have been evidence of it; we do not judicially know it to be a fact. We do not think the city court erred in its rulings on the questions.

The sixth charge requested by the defendant proceeds on the assumption of the absolute truth of the testimony of Dr. Ledbetter and the absolute correctness of his opinion as to the causes of the condition of plaintiff's eyes. There was other evidence, that of the plaintiff himself, in conflict with his as to the causes of the condition in question, and the giving of this charge would have denied the jury's undoubted right to find in line with such other evidence.

Charges 7, 8 and 9 were properly refused to the defendant. The court was under no duty to tell the jury

[Beatty v. Hobson, Exec.]

that the plaintiff has been able since his injury to earn approximately as much money as he did before, even if the evidence was without conflict to that effect. And there was evidence tending to show that he could not now earn as much as he did before the injury.

Charge 10 refused to the defendant is bad for singling out and giving undue prominence to a particular fact of which there was evidence, and the infirmity is not relieved by the direction for this fact to be considered "along with all the balance of the evidence in the case."

We are not prepared to say that the verdict of the jury is so plainly against the weight of the evidence or unsupported by the evidence that a new trial should have been granted by the city court.

Affirmed.