Dallas Consolidated Electric Street Railway Company v. J. B. Pettit.

Decided November 2, 1907.

**1.—Street Car Conductor—Assault by—Self-Defense—Evidence.**

In a suit against a street car company for damages for an alleged assault and battery by one of its conductors, evidence considered, and held to require the submission to the jury of the issue of self-defense on the part of the conductor.

**2.—Same—Right of Self-Defense.**

The fact that a man is a street car conductor does not deprive him of the right of self-defense, but the right must be exercised only in a *bona fide* effort to save one's self from an impending danger, real or apparent. If the danger be not real, but only apparent, the party relying on the same must not only honestly believe himself in immediate danger, but must have reasonable ground for such belief.

**3.—Same—Corporation.**

When a street car conductor is justifiable in using force to repel an assault, real or apparent, no liability can attach to his employer because of the same.

**4.—Assault—Physical Pain—Proof.**

Where, in a suit for damages for an alleged assault and battery, the evidence as to physical injury was so slight as not to justify the inference of pain therefrom, in the absence of the proof of pain, it was error for the court to submit to the jury the issue of physical pain.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Baker, Botts, Parker & Garwood, Walter H. Walne* and *Finley, Knight & Harris,* for appellant.

*Parks & Peck,* for appellee.

TALBOT, Associate Justice.—Appellee instituted this suit against appellant for damages on account of an alleged assault and battery committed upon him by one of its conductors while he was a passenger on one of appellant's cars. Appellee alleged, in substance, that on January 31, 1906, he boarded defendant's car at the corner of Poydras and Main streets in the city of Dallas for the purpose of going as a passenger thereon to Central Avenue; that he went aboard said car in company with W. C. Barrett, a friend, who paid his own and plaintiff's fare, and that he, plaintiff, not having noticed the payment of his fare by the said Barrett offered the conductor in charge of said car the fare, and the conductor for that or some other reason unknown to plaintiff, grew angry with plaintiff and

in the presence of ladies and gentlemen, passengers on said car assaulted, slapped and struck the plaintiff, greatly humiliating and embarrassing him and directly and approximately causing the plaintiff to suffer great physical and mental pain to plaintiff's damage in the sum of two thousand dollars.

The defendant pleaded a general denial and specially in bar of the plaintiff's right to recover, that plaintiff struck defendant's conductor and agent in charge of the car, and that if such agent struck the plaintiff the same was done in self-defense and no more force was used than was necessary to protect himself against the unlawful assault of the plaintiff. The case was tried May 16, 1906, and resulted in a verdict and judgment in favor of the plaintiff for the sum of two hundred dollars.

Upon the conclusion of the evidence the court charged the jury as follows: "Upon the uncontradicted testimony in this case the plaintiff is entitled to a verdict. The only matter for you to determine is the amount of damages which plaintiff is entitled to recover. This amount should be such sum of money as in your best judgment in the light of the testimony before you will be a reasonable pecuniary compensation to plaintiff for all such physical pain, if any, and mental suffering, if any, as he may have suffered as the direct result of the assault made upon him by the defendant's conductor, and in determining this amount you will look to all the facts and circumstances in the evidence before you, and if you find anything in the conduct of the plaintiff toward the conductor which in your opinion should mitigate the damages, you may give to such mitigating facts, if there are any, such effect as to you may seem proper in determining the amount of your verdict in this case."

This charge is assailed by appellant's first assignment of error, and one of the propositions urged is, to the effect, that the evidence raised the issue that in slapping the appellee the appellant's conductor acted in self-defense, and therefore the court erred in instructing the jury that upon the uncontradicted testimony the plaintiff was entitled to recover. We think this proposition should be sustained. As stated, appellant pleaded in bar of appellee's right to recover, that if its conductor struck appellee, as charged, the same was done in self-defense, and no more force was used than was necessary for that purpose. In support of this issue appellant's conductor testified: "Well, I got most of the fares and about the time I got up to Ervay street and got back to this man and was collecting the fare from the gentleman sitting over yonder—I don't know his name—on the right hand side, and my register was on my left, and I was registering the fare, this fellow caught my arm and jerked it down, and about the time he caught it he struck me somewhere on the arm, and when I turned around he was standing in about a half sitting position like this, with his right hand in his pocket, and I just turned and slapped him right up here with my open hand. He jerked my arm enough to jerk it down and jerk me around. He was drunk, he acted very much like a man that was drinking. I took him to be drunk. I say he struck me on the arm, and jerked my arm down from the register. Yes sir, he

either struck my arm in hitting at me that way or getting my arm loose from the register.". N. Cannon, a witness for appellee, testified among other things, that he was on the car at the time of the alleged assault; that, in collecting the fares the conductor came along and it seems this man that was with him (the plaintiff) had paid his fare, and when the conductor turned around to collect the fare of the party next to this man that had come in with him (plaintiff) Mr. Pettit caught him by the arm and jerked him around, and told him he didn't want him to collect any fare over there, that he was going to pay that man's fare, and began to jerk him (conductor) around. I don't know whether he hit him or not, but he began to jerk him around and the conductor slapped at him. He (plaintiff) caught him (conductor) by the arm and pulled him around and was trying to pay the other man's fare. I don't know whether he hit him or not, but he had his hands up in motion and he might have possibly hit him a time or two. Being asked if it was not his best judgment that appellee struck the conductor he answered, "Yes, sir, that was my best judgment that he struck him." In view of this testimony, notwithstanding its contradiction, the court was not, in our opinion, warranted in declaring to the jury, as a matter of law, that the appellant's liability was conclusively established.

The character of the employment in which the conductor was engaged did not deprive him of the right of self-defense. If he was assaulted by the appellee he had the right to repel the assault and prevent injury to himself by the use of such means as were necessary under the circumstances. Self-defense, however, being a defensive and not an offensive act, must not exceed the bounds of defense and prevention. The right can be lawfully exercised only in a *bona fide* effort to preserve one's self from the impending danger. Again, it is not necessary to the right of self-defense that the danger should in fact exist. It may be only apparent and not real, but a party in order to avail himself of such right of defense under such circumstances, must not only honestly believe himself in immediate danger, but have reasonable ground for such belief. In Railway Company v. Jopes, 142 U. S., 21, it is said: "The law of self-defense justifies an act done in honest and reasonable belief of immediate danger. . . . Such defense does not rest on the actual but on the apparent facts and the honesty of belief in danger."

Whether the act of appellant's conductor in striking appellee was justified under the rules of law announced was a question for the determination of the jury under appropriate instructions. The conductor testified that the appellee struck him on the arm and when he turned around he (appellee) was standing in about a half sitting position with his hand in his pocket. If the blow was struck in the just and lawful exercise of the right of self-defense and no more force was used than was necessary, then the conductor was free from all civil liability therefor and appellant "must also be entitled to like immunity." Of course it was the duty of appellant's conductor to exercise that high degree of care to avoid injuring the appellee which a very cautious and prudent person would have exercised under the same circumstances.

It is also contended that the court erred in the charge under consideration, in submitting as an element of damage the physical pain endured by appellee from the alleged assault. This contention is based on the fact that there was no evidence that appellee suffered any such pain, and we believe it well taken. The rule is well established that the law implies all such damages as naturally and necessarily result from the wrongful act complained of, and in such cases it is only necessary to show the extent and amount of such damages. But where damages actually sustained do not so flow from the act, they are not implied, and must be specially pleaded and specific proof thereof made. So that where severe bodily injuries are shown to have been inflicted the law infers that physical pain resulted therefrom, for such is the ordinary and well known operation of natural laws. In such cases this element of damage is sufficiently shown by proof of the nature, character and extent of the injuries, for from the evidence thereof the jury may infer physical pain. In the instant case, however, the nature, character and extent of appellee's injuries, if any, were neither alleged nor proved. The allegation is simply that the conductor in the presence and sight of ladies and gentlemen, passengers upon said car, assaulted, slapped and struck the plaintiff, greatly humiliating and embarrassing the plaintiff and directly and approximately causing the plaintiff to suffer great physical and mental pain, etc. The extent of the testimony as to the injury done, was that the conductor slapped appellee on the jaw and knocked his hat off; that he slapped him down in the presence of every one on the car. The witness Barrett was asked the following question: "Do you know anything about the character of the slap, whether it was violent or easy or how it was?" To which he replied: "Well, he just gave him a little tap on the side of the head and knocked his hat off." There was no evidence that a wound, bruise or cut was inflicted or that the blow caused pain. We conclude, therefore, that the testimony shows a blow so slight that physical pain can not reasonably be inferred from it alone, and that without specific proof of such pain the same was not a proper element of damage to be considered by the jury.

Appellant requested the court to give the following charge, which was refused: "You are instructed that if you find and believe from the evidence that plaintiff herein struck the defendant's conductor, or that he jerked his arm violently, or that he did both, and should further find and believe from the evidence that the conductor in charge of defendant's car in slapping the plaintiff was only resisting the force used by plaintiff and that he was acting in self-defense and that he used no more force than was necessary, then you are instructed to return your verdict for the defendant." This charge correctly expressed the law upon that phase of the case to which it relates, namely, actual danger, unless it can be said the language, "or that he jerked his arm violently," should have been omitted upon the theory that the evidence failed to show that the jerking of the conductor's arm was done in such a manner and under such circumstances as amounted to an assault and battery. The court, however, failed altogether to charge on this phase of the case and the

special charge refused, if erroneous in the respect mentioned, was sufficient to direct the court's attention to the omission and call for the preparation and giving of a correct charge.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*