**PENNEY v. WARREN. (6 Div. 862.)**

Supreme Court of Alabama. Nov. 3, 1927.

Rehearing Denied Jan. 12, 1928.

**1. Malicious prosecution ☞16—Plaintiff in action for malicious prosecution must show suit was wrongful and instituted without probable cause.**

In common-law action for malicious prosecution, plaintiff must show that suit was wrongful and that it was instituted maliciously and without probable cause.

**2. Damages ☞91(1)—Punitive damages may be awarded where malice is ingredient of cause of action.**

Wherever malice is ingredient of cause of action, plaintiff's recovery may include punitive damages in sound discretion of court.

**3. Malicious prosecution ☞72(5)—Explanation to jury of punitive damages for malicious prosecution held not error.**

In action for malicious prosecution, judge's explanation to jury of punitive damages held not error, since malice is ingredient of cause of action, especially where it did not require

award of punitive damages, but informed jury that allowence was within their discretion.

**4. Malicious prosecution ☞25(3)—Judgment for defendant in attachment on merits is conclusive of wrongfulness of suit.**

In action for malicious prosecution based on attachment suit brought by defendant against plaintiff,' in which evidence showed judgment for defendant in attachment on merits, instruction that writ of attachment was wrongfully sued out *held* proper, since such judgment is conclusive of wrongfulness of suit.

**5. Malicious prosecution ☞25(3)—Judgment on merits for defendant in attachment is only prima facie evidence of want of probable cause.**

In action for malicious prosecution based on attachment suit, judgment on merits for defendant in attachment is only prima facie evidence of want of probable cause for suing out attachment.

**6. Malicious prosecution ☞25(1) — Evidence showing existence of demand when attachment issued tends to prove probable cause and rebut presumption of malice.**

In action for malicious prosecution based on attachment suit, evidence which goes to establish existence of demand at time attachment was issued tends to prove probable cause and to rebut presumption of malice which would arise from discharge of defendant in attachment suit.

**7. Malicious prosecution ☞25(3) — Judgment in original attachment suit is without value as evidence of probable cause after reversal in higher court on trial de novo.**

In action for malicious prosecution based on attachment suit, in which there was an appeal from the magistrate's court to the circuit court and a trial de novo had on issues of fact with judgment on merits for appealing party, primary judgment loses its value as evidence of existence of probable cause.

**8. Trial ☞244(2)—Jury should not be instructed to find particular fact.**

Parties have no right to have juries instructed to find particular fact, though evidence of it be undisputed.

**9. Trial ☞244(2) — Instruction on probable cause that jury might "look to fact if it be fact" that judgment reversed was rendered in municipal court held properly refused.**

In action for malicious prosecution, court properly refused to instruct that on issue of probable cause jury might "look to the fact, if it be a fact," that judgment for plaintiff in original suit was rendered by municipal court, in view of subsequent reversal after trial de novo in circuit court.

**10. Witnesses ☞255(10)—Witness may refresh memory by examining memorandum made by himself or known by him to state truth, when after such examination he can testify as matter of independent recollection.**

Witness may refresh memory by examining memorandum made by himself or known and recognized by him as stating facts truly, when after such examination he can testify to facts as matter of independent recollection, but in such case memorandum itself is not made evidence unless opposing party calls for it, and it is not necessary that memorandum should have been made contemporaneously with transaction.

**11. Witnesses ☞255(1)—In malicious prosecution, action based on attachment suit use of memorandum of goods levied on to refresh witness' memory held not error.**

In action for malicious prosecution based on attachment suit, use of memorandum of household goods levied on with their valuations by wife of defendant in attachment to refresh memory of witness *held* not error.

**12. Malicious prosecution ☞67 — Value of watch carried off in clothing levied on wrongfully may be recovered in malicious prosecution.**

In action for malicious prosecution based on attachment suit in which household goods were levied on, watch in pocket of clothing levied on, if carried off and lost to owner, would be lost as proximate result of levy, and value would be recoverable, though watch itself was not nominally levied on.

**13. Appeal and error ☞1056(1)—In malicious prosecution action, exclusion of name of person for whom defendant acted in previous suit held not prejudicial.**

In action for malicious prosecution based on attachment suit, exclusion of name of person for whom defendant was acting in previous suit *held* not prejudicial where fact that he was acting for another was shown.

**14. Witnesses ☞248(2)—Statement that no one had right to rent house for certain sum in answer to question whether it was rented for such amount held properly excluded as not responsive.**

Where witness was asked whether house was rented to plaintiff for $6 a month and answered that it was rented at $10 a month and that no one had right to rent it for $6, last part of answer was properly excluded as not responsive.

**15. Malicious prosecution ☞59(10)—Evidence that defendant was advised to sue by judge of municipal court held incompetent to show absence of malice.**

In action for malicious prosecution based on attachment suit, evidence that defendant discussed matter of attachment with judge of municipal court and was advised to sue, nature and details of discussion not appearing, *held* not competent evidence to show absence of malice.

**16. Appeal and error ☞1067—Refusal of instruction that evidence failed to show that plaintiff in malicious prosecution action suffered physical pain as result of wrongful attachment suit, though error, held harmless.**

In action for malicious prosecution based on attachment suit, in which complaint claimed damages especially for "physical and mental pain and suffering," refusal of instruction that evidence failed to show that plaintiff suffered physical pain, though error, *held* not prejudicial.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**17. Damages ⟨key⟩163(1)—Where physical pain cannot be inferred from fact of injury, there must be specific proof to warrant recovery.**

General rule is that pain and suffering may often be inferred from nature of injury without direct evidence, but where nature of injury is such that physical pain cannot be inferred from fact of injury alone, there must be specific proof of such pain to recover damages therefor.

**18. Appeal and error ⟨key⟩1067—Judgment will not be reversed for nonprejudicial error.**

Judgment will not be reversed for erroneous refusal of instruction, where no prejudice resulted from such refusal.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action for malicious prosecution by Walter Warren against J. E. Penney. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Judgment affirmed.

Erle Pettus, of Birmingham, for appellant.

Plaintiff could not recover by merely showing the attachment was wrongfully sued out, but must show that it was done wrongfully, maliciously, and without probable cause. Goldstein v. Drysdale, 148 Ala. 486, 42 So. 744; Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986; Hawkins v. Collins, 5 Ala. App. 522, 59 So. 694. The oral charge of the court was erroneous. Code 1923, § 9507. The determination in the original court was some evidence of the existence of probable cause. Kemp v. York, 202 Ala. 425, 80 So. 809; Ewing v. Sanford, 19 Ala. 605; Veid v. Roberts, 200 Ala. 576, 76 So. 934. The memorandum, subsequently made by the plaintiff's wife, was not competent to be used by her as a witness for the purpose of refreshing her recollection. Jaques v. Horton, 76 Ala. 238; Southern R. Co. v. Wilson, 138 Ala. 510, 35 So. 561; Calloway v. Barner, 77 Ala. 541, 54 Am. Rep. 78; Howell v. Carden, 99 Ala. 100, 10 So. 640. Defendant should have been permitted to show that he had discussed the matter with the judge of the inferior court before swearing out the attachment. Dent v. De Arman, 211 Ala. 189, 100 So. 122.

Harsh & Harsh and J. B. Ivey, all of Birmingham, for appellee.

Physical pain may be inferred from the injury. Thompson v. Vildibill, 211 Ala. 199, 100 So. 141. Counsel discuss the other questions raised and treated, but without citing additional authorities.

SOMERVILLE, J. This is an action on the case, charging that the defendant wrongfully, maliciously, and without probable cause therefor, prosecuted an attachment suit against the plaintiff, under which his goods were seized and removed from his home. The writ of attachment was sued out by the instant defendant, "J. E. Penney, trustee," for the collection of $28 alleged to be due from the instant plaintiff for rent of a dwelling house owned by Penney's principal.

The proceeding was begun in the municipal court, whence it was appealed to the circuit court, where it was tried by a jury, with a verdict and judgment for the defendant in attachment.

[1] In this common-law action (case for malicious prosecution) the plaintiff must of course show that the suit was wrongful and that it was instituted maliciously and without probable cause. Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986.

[2, 3] Wherever malice is an ingredient of the cause of action, the plaintiff's recovery may include punitive damages in the sound discretion of the jury. Leinkauf v. Morris, 66 Ala. 406; Wilkinson v. Searcy, 76 Ala. 176. There can be no valid objection to the trial judge's explanation to the jury of punitive damages, viz., that they are damages given for punishment, "which the law allows in certain cases." Even standing alone, this would not require the jury to award punitive damages; and any possibility of misunderstanding was removed by the immediately following statement that such an allowance was within the discretion of the jury.

[4] The attachment plaintiff's failure to prosecute his suit to judgment is always prima facie evidence that the suit was wrongful. And where the evidence shows a judgment for the defendant on the merits, it is conclusive of the wrongfulness of the suit. Smith v. Summers, 215 Ala. 690, 112 So. 344. The evidence here showed a judgment in the circuit court for the defendant in attachment on the merits; and hence the jury were properly instructed that under the evidence he was not indebted to the plaintiff in attachment, and the writ of attachment was wrongfully sued out. Lockhart v. Woods, 38 Ala. 631, 637. In an action on the attachment bond this would have sufficed for a recovery of damages, but in this action on the case the issues of malice and probable cause remained, and these issues were submitted to the jury.

[5, 6] In Jones v. Kirksey, 10 Ala. 839, it was settled that a standing judgment for the plaintiff in an attachment suit is conclusive of the existence of probable cause for suing out the attachment, in so far as probable cause rests upon the validity of the debt sued on. Durr v. Jackson, 59 Ala. 203, 208. But a judgment in favor of the defendant in attachment, though conclusive against the validity of the debt, if rendered on the merits of that issue, is only prima facie evidence of the want of probable cause for suing out the attachment; and "any evidence * * * which goes to establish the existence of the demand at the time the attachment was is-

sued, tends to prove probable cause, and to rebut the presumption of malice, which would arise from the discharge of the defendant in the attachment suit." Marshall v. Betner, 17 Ala. 832, 839. See, also, Sackett v. McCord, 23 Ala. 851; Roberts v. Heim, 27 Ala. 678, 682; 38 Corp. Jur. 419, § 58.

[7] Counsel for appellant makes the point that the fact that the municipal (or magistrate's) court rendered judgment in the first instance for the plaintiff in attachment must, notwithstanding its reversal with judgment for the defendant and against the plaintiff on appeal in the circuit court, be given the effect of prima facie evidence of probable cause, or at least be treated as some evidence thereof.

We have before us no precedents dealing with this question, but our view of the matter is, that where there is an appeal from a primary and inferior court to a higher court, and a trial de novo on the issues of fact, with judgment on the merits of the case in favor of the appealing party, the primary judgment loses its value as evidence of the existence of probable cause. The case is quite different from that of the judgment of a committing magistrate binding the accused over to answer an indictment by the grand jury if found, and different, also, from a final judgment on the merits in a civil case, which is not superseded by a contrary judgment on appeal on a trial de novo. See 38 Corp. Jur. 419, § 58, and note to Ross v. Hixon (Kan.) 26 Am. St. Rep. 142.

[8, 9] The trial judge properly refused to instruct the jury that they "must find that judgment was rendered in favor of the plaintiff" in the attachment suit in the municipal court. Parties have no right to have juries instructed "to find" a particular fact, though the evidence of it be undisputed. Birmingham S. R. Co. v. Cuzzart, 133 Ala. 262, 269, 31 So. 979. So, also, an instruction that, on the issue of probable cause, the jury might "look to the fact, if it be a fact," that such a judgment was rendered in the municipal court, was properly refused. Stone v. State, 105 Ala. 60, 17 So. 114; Council v. Mayhew, 172 Ala. 295, 55 So. 314.

[10, 11] A witness may refresh his memory by examining a memorandum made by himself, "or known and recognized by him as stating the facts truly," when, after such examination, he can testify to the facts as matter of independent recollection; but in such case the memorandum itself is not thereby made evidence in the cause, unless the opposing party calls for it. Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Singleton v. Smith, 184 Ala. 199, 63 So. 949. In such a case it is not necessary that the memorandum should have been made by the witness; if, though made by another, the witness himself knows it to be correct, it may be used for refreshment if the witness can then testify from independent recollection.

Calloway v. Varner, 77 Ala. 541, 54 Am. Rep. 78. Nor is it necessary that the memorandum should have been made contemporaneously with the transaction, if it was made while the facts were still fresh in the mind of the maker. The use of the memorandum of household goods levied on, with their valuations, by the wife of the defendant in attachment, was well within the rule, and its admission was free from error.

[12] Under the evidence it was a question of fact for the jury whether or not a watch belonging to the defendant in attachment was in a pocket of the clothing levied on and taken away; and, if the watch was in the clothing, and was carried off and lost to the owner, its loss would have been the proximate result of the levy, and the value of the watch would be recoverable, although the watch itself was not nominally levied on.

[13] Conceding that the defendant was entitled to show, on the issue of malice, vel non, that the property for whose rent the attachment was issued belonged to another person than himself, for whom he was acting—a fact that was fully and repeatedly stated to the jury—the exclusion of the name of the owner could not have been prejudicial to the defendant, and was, indeed, not material to the issue in question.

[14] On cross-examination the defendant, Penney, was asked: "You say * * * that that house was not rented to him [the plaintiff] for $6 a month?" The answer was: "No, sir; it was rented to him at $10 a month. Nobody had a right to rent it for $6." The last part of this answer was properly excluded on plaintiff's motion, for the reason that it was not responsive to the question.

[15] The facts that the defendant "discussed the matter" of the attachment with the judge of the municipal court, and was advised by him to sue out the writ, the nature and details of the discussion not appearing, were not competent evidence to show the absence of malice. If evidence of such advice by the magistrate is competent at all on the issue of malice (see Marks v. Hastings, 101 Ala. 165, 178, 13 So. 297; Lunsford v. Dietrich, 86 Ala. 250, 5 So. 461, 11 Am. St. Rep. 37; Dent v. De Arman, 211 Ala. 189, 100 So. 122), it could only be upon a showing that a full and fair statement of the facts was made to a magistrate or judge who was learned in the law, whose advice was acted upon in good faith. This question, however, is not before us, and we need not and do not decide it.

[16] The complaint claims damages especially for "physical and mental pain and suffering," resulting from the attachment suit. The defendant requested an instruction to the jury that if they believed the evidence they could not assess any damages for any alleged physical pain—this on the theory, of course, that the evidence failed to show that plaintiff suffered any physical

pain. There was no direct evidence of such suffering, nor was there anything from which it could possibly have been inferred other than plaintiff's deprivation of his household furniture and furnishings and some personal apparel.

[17] The general rule has been stated to be that:

"Pain and suffering may often be inferred from the nature of the injury, without direct evidence, but where the nature of the injury is such that physical pain cannot be inferred from the fact of the injury alone, there must be specific proof of such pain." 17 Corp. Jur. 828, § 150; Dallas, etc., St. R. Co. v. Pettit, 47 Tex. Civ. App. 364, 105 S. W. 42.

In the Texas case the court held that physical pain could not be inferred from the fact merely that the defendant lightly slapped the plaintiff on the face, knocking off his hat. In Thompson v. Vildibill, 211 Ala. 199, 100 So. 139, this court held that physical as well as mental pain might be inferred from proof of fright caused by a sudden, unprovoked, unjustifiable assault with a pistol, accompanied by insulting language. But that decision does not cover a case like the one before us. Here physical pain or suffering cannot reasonably be inferred from any of the circumstances shown. Nor can such an inference be grounded on the fact of mental suffering or emotional disturbance, when that fact itself rests in inference merely.

[18] We think, therefore, that the refused instruction in question should have been given as requested. We are not satisfied, however, upon a consideration of the entire record, that any prejudice resulted to defendant from the refusal of this instruction, and we would therefore not reverse the judgment on that account. Tarr v. Oregon, etc., R. Co., 14 Idaho, 192, 93 P. 957, 125 Am. St. Rep. 151, 159, 160; Dallas, etc., St. R. Co. v. Pettit, 47 Tex. Civ. App. 354, 105 S. W. 42.

Finding no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.