128 So.2d 497

Carrie M. HAYGOOD

v.

BOOTHBY REALTY COMPANY.

6 Div. 587.

Supreme Court of Alabama.

March 30, 1961.

J. Robt. Huie and J. Terry Huffstutler, Birmingham, for appellant.

Wm. M. Acker, Jr., Smyer, White, Reid & Acker, Birmingham, for appellee.

STAKELY, Justice.

Carrie M. Haygood (appellant) brought suit against Boothby Realty Company, a corporation (appellee), for maliciously and without probable cause therefor causing the plaintiff to be prosecuted in a civil suit upon a charge of nonpayment of rent under a lease agreement. On May 15, 1958, appellant recovered of the appellee the sum of $5,000 as damages by a jury verdict. On motion by appellee's counsel, the trial court set the judgment aside and ordered a new trial.

On September 23, 1958, the case was tried again and the appellant was awarded damages in the amount of $4,500 by another jury.

On January 12, 1959, the court ordered a remittitur reducing the judgment from $4,500 to $2,000. A remittitur was filed by counsel for appellant. Appellee, Boothby Realty Company, appealed from the judgment entered by the court after the remittitur was filed. The case is reported as Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555.

This court overruled its holding in the case of Penney v. Warren, 217 Ala. 120, 123, 115 So. 16, 18. In that case this court held:

" * * * that where there is an appeal from a primary and inferior court to a higher court, and a trial de novo on the issues of fact, with judgment on the merits of the case in favor of the appealing party, the primary judgment loses its value as evidence of the existence of probable cause. * * *"

This court in overruling its holding in the case of Penney v. Warren, supra, said:

"We feel strongly that a litigant should be entitled to have his rights determined in a court of law without risk of being sued and having to respond in damages, for seeking unsuccessfully to enforce his rights, and we think the better rule is that unless a judgment or decree in prior civil proceedings against the malicious prosecution plaintiff was obtained by fraud, perjury or other improper means, the judgment or decree establishes or shows conclusively the existence of probable cause for bringing the former action even though it was subsequently reversed or set aside, anything in Penney v. Warren, 217 Ala. 120, 115 So. 16 [7] to the contrary notwithstanding. * * *" 269 Ala. 554, 114 So.2d 560.

The case was reversed and remanded to the Circuit Court of Jefferson County for a new trial. Upon a new trial the defendant, Boothby Realty Company, withdrew its plea in short by consent and with leave of the court first had and obtained, filed the following pleas:

"One

"The defendant, for answer to the complaint, says that it is not guilty of the matters therein alleged.

"Two

"The defendant, for answer to the complaint, says as follows:

"The civil suit here complained of, and which defendant prosecuted against plaintiff, was originally filed by defendant (there plaintiff) in the Municipal Court of Birmingham, a court of competent jurisdiction over defendant's claim against plaintiff for non-payment of rent under a lease agreement; and on, to-wit, May 29, 1956, the said Municipal Court of Birmingham, after a trial on the merits, entered a judgment in said civil suit in favor of defendant (there plaintiff) and against plaintiff (there defendant) in the amount of $60.91 which was the entire amount sued for. Only thereafter, on a trial de novo upon plaintiff's (there defendant's) appeal to the Circuit Court of Jefferson County was a verdict and judgment rendered in favor of plaintiff (there defendant).

"Three

"The defendant, for answer to the complaint, says as follows:

"Before the defendant instituted the civil suit here complained of, Mr. James H. Roberts, the agent of defendant who had handled the complained of transaction for defendant with plaintiff and who was most familiar with its details, disclosed to Mr. Rogers H. Bite, an attorney-at-law experienced in rent collections and actively practicing in Birmingham, Alabama, all of the material facts within defendant's knowledge surrounding the claim of nonpayment of rent under a lease agreement between defendant and plaintiff and the said Mr. Bite advised defendant that the said civil suit should be instituted."

Carrie M. Haygood (appellant) did not demur to either of the aforesaid pleas, but filed a replication to each plea of the defendant as follows:

"1.   That she joins issue thereon.

"2.   For special replication to plea 'Two', she says: That the judgment obtained by Boothby Realty Company, a Corporation, against Carrie M. Haygood, in the Municipal Court of Birmingham, was obtained by fraud or perjury or by some other improper means."

The demurrer of Boothby Realty Company filed to the plaintiff's special replication to "plea Two" was sustained by the court.

Carrie M. Haygood (appellant) then filed an amended replication to defendant's plea Two. This replication is lengthy and we shall not undertake to set it out. It will appear in the report of the case. It attempts to show that the judgment rendered by the Municipal Court of Birmingham in favor of Boothby Realty Company, a corporation, against Carrie M. Haygood was obtained by fraud or perjury or other improper means.

The defendant, Boothby Realty Company, demurred to appellant's replication as amended and the trial court sustained the demurrer.

The plaintiff, Carrie M. Haygood, on account of adverse rulings on pleadings in sustaining the defendant's (Boothby Realty Company's) demurrers to plaintiff's special replication as last amended, declined to plead further and took a nonsuit and moved the court for an order accordingly and from the order of nonsuit this appeal is prosecuted.

It is argued by the appellant that the replication of the plaintiff to the pleas of defendant was made in strict conformity to the rule laid down in the case of Boothby Realty Co. v. Haygood, supra, wherein it was held that:

" * * * unless a judgment or decree in prior civil proceedings against the malicious prosecution plaintiff was obtained by fraud, perjury or other improper means, the judgment or decree establishes or shows conclusively existence of probable cause for bringing the former action even though it was subsequently reversed or set aside * * *." 269 Ala. 554, 114 So.2d 560.

I. It is seriously insisted by the appellee that appellant's voluntary nonsuit was not "necessary" within the meaning of the word necessary as it is used in the statute.

Section 819, Title 7, Code 1940, is as follows:

"If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling or decision may be reserved for the decision of the appel-

late court by bill of exceptions or by appeal on the record as in other cases."

In Engle v. Patterson, 167 Ala. 117, 121, 52 So. 397, 398, this court held that "this statute * * * was intended to enable a review upon appeal only the ruling causing the nonsuit" and in Corn Products Refining Co. v. Dreyfus Bros., 3 Ala.App. 529, 57 So. 517, it was said that, "The defined necessity for such nonsuit must be shown by the record, in order that the right to appeal may appear."

■ It will be noted that in response to the complaint, the defendant (appellee) filed three separate pleas. Plea One is the general issue. Plea Two sets up as a matter of absolute defense (in the nature of confession and avoidance) the judgment in its favor rendered in the Municipal Court of Birmingham in the original prosecution in the rent case. Plea Three alleges as a matter of absolute defense (in the nature of confession and avoidance) the facts regarding the advice of counsel after full disclosure. Since the plaintiff did not demur to these pleas, she confessed their legal sufficiency as defenses. She filed a replication which joined issue on all of these pleas. She also sought to confess and avoid the matters presented by plea Two by alleging affirmatively that the judgment in the Municipal Court of Birmingham was procured "by fraud, perjury or some other improper means."

It is pointed out by appellant that in Ex parte Martin, 180 Ala. 620, 61 So. 905, 906, this court held that where a demurrer has been sustained to the entire complaint, a nonsuit was thereby rendered "necessary" within the meaning of the statute since "all that was left for the plaintiff to do was to take a nonsuit or suffer judgment." But the appellee in the instant case argues that the plaintiff could have gone to trial on the complaint, the three pleas and replication 1, which took issue on all three pleas.

Reference is made to Bush v. Russell, 180 Ala. 590, 61 So. 373, 375. In that case

the defendant filed a plea of the general issue and several pleas of confession and avoidance. The plaintiff demurred to the pleas of confession and avoidance, but the demurrer was overruled. This court held in that situation that the plaintiff did not have to go to trial on the plea of the general issue alone but could take a nonsuit and appeal because of the fact that he might have been "wholly unable to meet the alleged matter of avoidance."

It is therefore argued by the appellee that in contrast to the foregoing case, the plaintiff (appellant) did not demur to the special pleas as in that case, but joined issue on them. It is claimed that the plaintiff cannot be heard to say that she is "wholly unable to meet the alleged matter of avoidance," but rather by her pleading she has taken the position that she is able to meet the alleged matters of avoidance. Appellee also cites Evans v. Kilgore, 246 Ala. 647, 21 So.2d 842; Epperson v. First National Bank, 209 Ala. 12, 95 So. 343; and Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274. In short, as we understand the argument in the present case, the plaintiff never amended her replication by striking replication 1 so as to make a nonsuit an actual necessity on the face of the pleadings.

■ We do not agree with the argument of appellee as it applies to this particular case. Of course, there may be separate and distinct pleas, setting up different defenses. Woodmen of the World v. Maynor, 206 Ala. 176, 89 So. 750. So there can be no objection to filing replication 1 and replication 2 on the theory that they set up inconsistent defenses. Under the principle set forth in Boothby Realty Co. v. Haygood, supra, the judgment rendered in the Municipal Court of Birmingham is evidence of probable cause. There is nothing on the face of plea Two to show that it was procured by fraud, perjury or other improper means. A demurrer raising that question would be a speaking demurrer (Maulitz v. Jones, 222 Ala. 609, 133 So. 701), and a speaking demurrer is bad.

Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419. A futile thing is not required. The only way to combat the effect of the judgment is to show that it was procured by "fraud, perjury or other improper means." This required affirmative pleading in a replication. How well the plaintiff accomplished her purpose is a matter which we shall discuss later.

■ II. The appellee contends that the appeal in the instant case should be dismissed because the costs of appeal have not been paid by Carrie M. Haygood on the first appeal. Obviously this is a matter which addresses itself to our discretion. It is not a jurisdictional matter. There is no motion to dismiss the appeal, supported by affidavit, with no opportunity given to Mrs. Haygood to reply with supporting affidavit. In this posture of the case, we are not willing to dismiss the appeal on this ground.

■ III. This brings us to the pivotal question in the case. Was the judgment rendered in the Municipal Court procured by "fraud, perjury or other improper means"? We do not think so. Apparently the allegations of replication 2 as amended are based on the alleged untruthfulness of the testimony of James H. Roberts, Vice-President of Boothby Realty Company, a corporation. In the Municipal Court his testimony was given credibility. On the trial de novo in the Circuit Court his testimony was apparently not believed. But the credibility of his testimony was a matter which was presented and considered in the trial of those cases. It was a matter intrinsic to those trials.

■ We take the view that the fraud or perjury necessary to be alleged in order to prevent the judgment in the Municipal Court from being evidence of probable cause must be extrinsic or, as it is sometimes called, collateral fraud or perjury. Tarantino v. Griebel, 9 Wis.2d 37, 100 N.W.2d 350; Dunlap v. Glidden, 31 Me. 435, 52 Am.Dec. 625. In other words, the fraud or perjury alleged was actually presented and considered in the Municipal Court. It does not go to the manner in which that judgment was procured. As authority for the statement that extrinsic or collateral fraud is the same thing, see Dockery v. Central Arizona Light & Power Co., 45 Ariz. 434, 45 P.2d 656. We have been cited to no authority that the alleged perjury in the trial of the case is evidence to rebut the sufficiency of the judgment as probable cause.

The demurrer to the amended replication was properly sustained.

We have reached the conclusion that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.