248 So.2d 724

Mrs. Wynelle S. DODD, as Administratrix of
the Estate of Estelle B. Shad-
dix, Deceased,

v.

Mrs. Mack (Docia) LOVETT, as Executrix of
the Estate of W. L. Shaddix, also known
as Walter L. Shaddix, Deceased.

6 Div. 822.

Supreme Court of Alabama.

June 3, 1971.

T. J. Carnes, Albertville, for appellant.

Dempsey F. Pennington, Birmingham, for appellee.

BLOODWORTH, Justice.

Appeal from a judgment of voluntary nonsuit in the Jefferson County Circuit Court after plaintiff's demurrers to defendant's pleas, to the complaint, were overruled by the trial court.

In the complaint, plaintiff claims of defendant past due alimony under a decree of divorce rendered by the Superior Court of Fulton County, Georgia. This suit was filed after our decision was rendered in Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799 (1968). We refer to that decision for a full understanding of the facts and background of this suit. This court held in Dodd v. Lovett, supra, that where an administratrix of the estate of a deceased divorced wife had not reduced to judgment in Alabama the accrued installments of alimony due under the Georgia divorce decree, the administratrix was not entitled to recover these accrued installments from the deceased divorced husband's estate by merely filing claim against his estate.

Defendant's pleas 1A and 2A claim, respectively, that the suit is barred by the Georgia statute of limitations of seven years and by the Alabama statute of nonclaims (Title 61, § 211, Code of Alabama 1940). It is to these pleas that plaintiff demurred and it is on account of the court's judgment in overruling her demur-

rers· that she took her voluntary ·nonsuit. Our sole inquiry is to ascertain whether the pleas are demurrable.

 A demurrer to. a plea admits the truth of the matters well pleaded for purposes of testing the legal sufficiency of the plea. See Pleading ☞214(1), (2), Vol. 16, Alabama Digest. A failure to demur to a plea confesses the legal sufficiency of the plea as a defense. Haygood v. Boothby Realty Company, 272 Ala. 95, 128 So.2d 497 (1961). On demurrer, the court can consider only the objection specified. Turner Coal Co. v. Glover, 101 Ala. 289, 13 So. 478 (1892).

In substance, plaintiff's grounds of demurrer to plea 1A (statute of limitations) are to the effect that the plea is no bar to plaintiff's action, is inapplicable, irrelevant, immaterial, that it does not allege a statute of limitations, and that the law of Alabama governs as to limitations of action.

It appears to us that most of these grounds of demurrer to plea 1A are either too general, or constitute "speaking" demurrers. Title 7, § 236, Code of Alabama 1940; Maulitz v. Jones, 222 Ala. 609, 133 So. 701 (1931); Haygood v. Boothby Realty Company, supra. However, we consider the ground that the Alabama law governs as to limitations of actions is well taken and that therefore the demurrer to plea 1A was improperly overruled.

"It is well settled that, in the absence of statutes adopting the time limitations of a foreign jurisdiction as controlling in an action upon a foreign judgment, such limitations, because procedural and not substantive in nature, are governed by the law of the forum. * * *" Anno., 36 A.L.R.2d 567, 569.

See also 47 Am.Jur.2d, Judgments, §§ 953, 954. The rule is likewise expressed in Alabama that, "Where the statute of limitations goes only to the remedy, it seems to be the settled rule here that the lex fori, and not the lex loci, governs." Mullins v. Alabama Great Southern R. Co., 239 Ala. 608, 610, 195 So. 866, 868 (1940).

The grounds of plaintiff's demurrer to plea 2A (statute of nonclaims) are to the effect that the plea alleges conclusions, does not aver the reasons the claim was denied, the opinion of the Supreme Court is not set out, the claim was not denied on its merits, the claim is an exception to the statute of nonclaims, the plaintiff did file a claim and the claim has not been denied. While many of these grounds of demurrer appear to be quite general, in view of the result we have reached, it is not necessary that we decide whether the demurrer was properly overruled.

For the error in overruling the demurrer to plea 1A, the judgment of the trial court is due to be reversed.

Reversed and remanded.

SIMPSON, COLEMAN, MADDOX and McCALL, JJ., concur.